JAMES A. ROOSEVELT *vs.* JOHN T. CARPENTER and others.

A mortgage creditor can, in the lifetime of the mortgagor, either sue upon the bond, or foreclose the mortgage; and he has the right after the death of the mortgagor, at his option, either to sue the heirs of the mortgagor, upon the bond collateral to the mortgage, or to foreclose the mortgage.

The mortgagee is not confined, in the first instance, to his remedy by the mortgage, against the mortgaged premises; but he may, without waiting to exhaust that remedy, resort at once to his remedy upon the bond, which the statute gives him against the heirs, and all the real estate which they take by descent.

Where an action is brought upon the bond, against the heirs of the mortgagor, in the name of the mortgagee, but for the benefit of a grantee of the heirs of the mortgaged premises, proof that it was represented to such grantee, at the time of his purchase, by the grantors, that the premises were only subject to a mortgage specified, the amount of which was deducted from the purchase money, and the balance paid by the purchaser, who understood that there was no other mortgage; when in fact the mortgage accompanying the bond sued on, was also a lien on the premises, at that time, is admissible, and should be received.

THIS is an action brought upon a bond made by John W. Carpenter and Joseph G. Carpenter, both deceased, to James I. Roosevelt, deceased, and Cornelius V. S. Roosevelt, against the heirs of Joseph G. Carpenter, who was the survivor of the obligors, by the plaintiff, who is the assignee of Cornelius V. S. Roosevelt by assignment from him personally and as executor of James I. Roosevelt. The bond was conditioned for the payment of the principal sum of $2000 and interest. The complaint alleges that the estate of Joseph G. Carpenter has been exhausted, and claims judgment against

Roosevelt v. Carpenter,

the heirs, who have received more than sufficient real estate, all of which, within the jurisdiction of the court, has been sold. This is admitted. The answer alleges that the bond was accompanied by a mortgage upon the premises number seven White street, in the city of New York, which had been sold by the defendants to one W. H. Johnston, and which were amply sufficient to satisfy the plaintiff's demand, and which it was claimed should be exhausted before recourse was had to the heirs of the obligors. It also sets up payment, but this defense was not proved on the trial. The deed to Johnson conveyed " the right, title and interest" of the grantors, of, in and to the premises, without warranty, or covenants of any kind. The action was referred to a referee, who found for the defendants, on the ground that in equity the defendants were entitled to have the mortgage foreclosed and the land exhausted before recourse should be had to them. From the judgment entered upon his report the plaintiffs appealed.

*R. B. Roosevelt*, for the appellant. I. The right to sue the heirs of an obligor, when they are named in the bond and have property by descent, is a common law right affirmed by statute.

II. A mortgage accompanying a bond is merely collateral security and does not affect such right. (*Langdon* v. *Buel*, 9 *Wend.* 80. *Jackson* v. *Blodget*, 5 *Cowen*, 202.)

III. An obligee has a right to sue on the bond, or foreclose the mortgage, at his pleasure, and he will not be controlled by the court, except in a case where there are strong equities against him. (*Jackson* v *Hull*, 10 *John.* 481.)

IV. The equities in this case are all in favor of the suit and against such inference.

V. The property mortgaged clearly was not sold subject to the mortgage, and from the nature of the deed to the purchaser he can have no covenant to protect him.

VI. The proof admitted shows, in spite of the form of the

deed, which is the customary one, that the premises were to be subject only to one mortgage, which has been paid off, and the proof which would clearly have established this, ought to have been admitted.

VII. The ruling of the referee as to such testimony, was incorrect, as the offer was to prove matters collateral to the written deed and not necessarily included in it. (3 *Phil. Ev.* 1479, 1444. 5 *Gill & John.* 147, 157. *Murray* v. *Smith,* 1 *Duer,* 425.)

*A. Mathews,* for the defendants. I. The mortgaged land is the fund primarily liable to pay the plaintiff's debt. (1 *R. S.* 740, § 4. *Halsey* v. *Reed,* 9 *Paige,* 454, 455. *House* v. *House,* 10 *id.* 158. *Johnson* v. *Corbett,* 11 *id.* 270.) (1.) It is well settled in equity that a creditor having two funds or remedies, shall be compelled to resort to that least prejudicial to his debtor. (*Halsey* v. *Reed,* 9 *Paige,* 453 *to* 455.) The deed to Johnston conveyed only the defendant's equity of redemption in the lands. The plaintiff seeking the equitable interference of this court must act equitably. If the defendants are compelled to pay the debt they are remediless against Johnston, their grantee. (2.) The statute making mortgaged lands of deceased persons primarily liable to pay mortgage debts, (1 *R. S.* 749, § 4,) and the statute making the heir liable for the debt of the ancestor to the extent of lands inherited, (2 *R. S.* 452, §§ 32 *to* 55,) are *in pari materia,* and to be construed together. (1 *Kent's Com.* 433. *Sedgwick on Statute Law, p.* 247.)

II. The proffered evidence, of statements made by the agent of the defendants, was properly excluded by the referee. (1.) They are wholly *foreign* to the *plaintiff's* right of action or his remedy, and are totally immaterial. (2.) There being no pretense of *fraud,* they would be inadmissible even in an action between Johnston and the defendants. (3.) They were not within the scope of the authority of the agent. The

Roosevelt *v.* Carpenter.

principal herself (the guardian) had no power to make them to bind the defendants, and she could confer none upon her agent. (*N. Y. Life Ins. and Trust Co.* v. *Beebe,* 3 *Seld.* 364.) (4.) If there was any understanding, representation, statement or agreement made by authority, all were merged and extinguished in the deed, and (in the absence of fraud) the deed could not be impeached or contradicted by parol evidence, even in an action by Johnston against the defendants. (*Howes* v. *Barker,* 3 *John.* 506. *Houghtaling* v. *Lewis,* 10 *id.* 297. *Renard* v. *Sampson,* 2 *Kern.* 561.) (5.) Johnston, himself, could avail himself of the alleged misstatement only by canceling the deed and surrendering the lands to the defendants, which he cannot do in this action. (*Moyer* v. *Shoemaker,* 5 *Barb.* 319.)

*By the Court,* SUTHERLAND, J. I think that the conclusion of law, found by the referee in this case, was erroneous, and that the judgment entered upon his report should be reversed, and that there should be a new trial with costs to abide the event.

It is true, that as between the personal representatives and the heirs of Joseph G. Carpenter, the deceased surviving obligor, the mortgaged premises were primarily liable for the mortgage debt. (*Halsey* v. *Reed,* 9 *Paige,* 453–55. *Johnson* v. *Corbett,* 11 *id.* 270;) but this is an action by the assignee of the obligees of the bond, against the heirs of the surviving obligor, and all the questions arise between those parties. The cases in 9th and 11th Paige have no application.

The provision of the revised statutes, (*vol.* 1, *p.* 749, § 4,) altering the common law, is a regulation as between the heirs and the personal representatives; and in my opinion it in no way affects or qualifies the direct liability of the heirs by the provision, 2 *R. S.* 452, § 32, to the creditor. The bond represents the debt, the principal; the mortgage is but collateral.

The right of the obligee or holder of the bond to sue the

obligor, in his lifetime, is no more complete or perfect than his right to sue the heirs of the obligor, after his death, in a case in which the heirs are liable by the statute. The mortgage creditor can, in the lifetime of the mortgagor and obligor, at his option, either sue the bond or foreclose the mortgage. I do not see why he has not the right, after the death of the mortgagor and obligor, at his option, either to sue the heirs when liable for the debt, or to foreclose the mortgage.

In this case it appears that not only the mortgaged premises, but other real estate described in the complaint, exceeding in value the plaintiff's demand, descended to the heirs. Their liability by the statute, is to the extent of the estate, interest, and right in all of the real estate which shall have descended to them ; not merely to the extent of their estate and interest in the mortgaged premises. The mortgaged premises were liable to the mortgage creditor for the debt, *by the contract—the mortgage*—and all the real estate of the intestate, which descended to the heirs, including the mortgaged premises, or their proceeds if aliened by them before action, (2 *R. S.* 454, §§ 47, 48, 49,) were also liable to the mortgage creditor, both at law and in equity, (*Laws of* 1837, *ch.* 460, § 73,) *by the statute.*

I find neither reason nor authority for holding that the mortgage creditor is confined in the first instance to his remedy given by the mortgage against the mortgaged premises ; and that he cannot pursue the remedy which the statute gives him against the heirs and all the real estate which they take by descent on the bond, until he has first exhausted his remedy under the mortgage.

I do not see why the equities between the heirs and personal representatives of the intestate should limit the creditor's right of action against the heirs ; and I find nothing in the statute confining him to the mortgage, in the first instance.

For these reasons alone—and this is putting the case upon strictly legal principles—I think the report of the referee was

Roosevelt *v.* Carpenter.

erroneous, and that the judgment entered on it should be set aside.

But admitting that this suit was brought for the benefit of Johnston, the grantee of the heirs of the mortgaged premises, it appears to me that all the equities of the case are in favor of the plaintiff. The deed of the heirs did in fact, of course only convey the equity of redemption; but the premises were not conveyed by them, subject to the mortgage; and the plaintiff offered to prove that it was represented to Johnston by Thomas E. Allen, the agent of John T. Carpenter, the heir and grantor of full age, and of May Carpenter, the guardian of the infant heirs, the other grantor, at and prior to his purchase, that the premises were only subject to a mortgage to the Merchants' Insurance Co. for $2000, and to no other; which was deducted from the consideration money, $4000, to be paid by Johnston for the premises; the balance paid by him; and that $4000 was the price and value of the premises; and that Johnston understood that there was no other mortgage on the premises. It was not necessary, probably, for the plaintiff to make this offer, or to give the evidence involved in it; but it appears extraordinary that the referee should have excluded the evidence; with the admission before him that the action was prosecuted on the retainer and at the expense of Johnston; and should then have dismissed the plaintiff's complaint, on the ground that he had no remedy against the heirs until he had exhausted his remedy under the mortgage.

As between Johnston and the heirs, assuming this offer to have been made in good faith, the equities were all on the side of Johnston. He offered to prove, in effect, that he had paid the money to the heirs to pay the mortgage. Why should they not pay it? Ought they to keep the money, and compel him to pay it again? It appears to me, had the evidence been received, it would have been an answer (if any was necessary) to the equitable position insisted on by the defendants and held by the referee, that the plaintiff must

first resort to the mortgage. The matters offered to be proved, would not have contradicted the deed, but were collateral to, and consistent with it.

Judgment reversed, and new trial granted.

[NEW YORK GENERAL TERM, November 4, 1858. *Davies, Clerke* and *Sutherland,* Justices.]