## SUPREME COURT.

Eliza Thompson agt. Algernon S. Sullivan, as public administrator, &c., of John Moore, deceased.

*Executor or administrator — Remedies of a creditor upon the bond or other obligation of the intestate or testator secured by a mortgage.*

An action can be maintained by a creditor against an administrator to recover the amount of bonds of the intestate, the payment of which are secured by mortgages executed by him upon real estate, and the fact that the creditor is the owner and holder of mortgages upon lands situated in the state of New Jersey, given as collateral security to the bonds, is no defense to the suit. The provisions of 1 Revised Statutes, 749, section 4, is no bar to such action.

*Trial Term, November,* 1880.

*Ward & Jenks,* for plaintiff.

*Samuel S. McCutcheon,* for defendant.

Van Vorst, *J.*— I do not think that the provisions of the statute (1 *R. S.,* 749, *sec.* 4) were intended directly to interfere with the remedies of the creditor by action upon the bond or other obligation of the intestate or testator secured by a mortgage.

The section above referred to applies by its terms to the heir or devisee to whom the real estate descends or is devised, and directs that he shall satisfy and discharge such mortgage out of his own property, without resorting to the executor or administrator of his ancestor, unless there be an express direction in the will of such testator that such mortgage be otherwise paid.

I cannot say that the point directly presented in the case under consideration, in which the creditor proceeds by action at law to recover the amount of the bonds of the intestate, the payment of which are secured by mortgages executed by him upon real estate, has been passed upon.

Thompson agt. Sullivan.

I am referred by counsel to no case resting upon facts directly presented, coincident with those now considered.

In controversies between the heirs and the executor or administrator of the testator or intestate, the chancellor has applied this statute, and has held that were debts of the testator are secured by mortgage on his real estate, such real estate in the hands of heirs or devisees constitutes the primary fund for the payment of such debts, and that only the balance of the debt of each mortgagee which cannot be collected by a purchase and sale of the mortgaged premises, is to be allowed as a claim to be paid *pro rata* out of the proceeds of the testator's personal estate (*Johnson* agt. *Corbett,* 11 *Paige,* 265 ; *Halsey et al., ex'rs,* agt. *Reed,* 9 *Paige,* 446).

But in *Wright* agt. *Holbrook* (32 *N. Y.,* 587), in commenting upon this statute, DAVIS, J., says : " The sole object of the statute was to change the rule of the common law under which the heir or devisee had the right to call upon the representative of the deceased to pay off the mortgage. It does not, by it terms, purport to affect the rights of creditors, but simply to establish a rule of liability as between devisees or heirs and the personal representatives. When there is, as in this case, a personal liability by contract, to which the mortgage is a collateral security, it was not the design of the statute to deprive the party of his rights to enforce that liability, nor was it intended to compel a resort to any mode of marshalling assets for the purpose of adjusting the equities as between the representatives and third parties." And *Rice* agt. *Harbeson* (2 *Sup. Ct., T. & C., page* 4) announces the same doctrine (*See, also, Roosevelt* agt. *Carpenter,* 28 *Barb.,* 426).

Following these last cited cases, I shall hold that the action in the creditor's favor upon the bond can be maintained, and that the fact that the creditor is the owner and holder of mortgages upon lands situated in the state of New Jersey, given as collateral security to the bond, is no defense to this action.

It is not necessary to decide at this time how and out of

what property the plaintiff's judgment may be enforced. That question may arise when the plaintiff shall move in that direction, and if the defendant shall show any reason in equity to restrain the plaintiff's efforts in that regard, he will be at liberty to do so.

There should be judgment for the plaintiff for the amount of his bond with costs.