EDWARD HAUSELT et al., as Executors, etc., Respondents, *v.* ELIZABETH PATTERSON et al., Impleaded, etc., Appellants.

*It seems* that while a mortgage creditor has the right to seek payment of his debt from the personal estate of the deceased mortgagor, a court of equity will not permit him to do so in the first instance to the prejudice of other creditors, but he will be required to resort to the land covered by the mortgage, and will only be permitted to seek payment of the deficiency from the personalty.

The provision of the Revised Statutes (1 R. S. 749, § 4) requiring a devisee or heir to satisfy, out of his own property, a mortgage executed by his testator or ancestor upon real estate which has passed or descended to him, unless there is an express testamentary direction that such mortgage shall be otherwise paid, does not contemplate that the devisee or heir should be so liable irrespective of the property which descended to him, but rather that his liability to pay the mortgage should be measured by and not exceed the value of that property.

The remedy of the mortgage creditor is not confined to the mortgaged premises; it was designed to make the realty primarily chargeable with the mortgage debt, and when, with the mortgaged premises, the heir inherited other lands of the same ancestor, that he should take them all *cum onere* the mortgage debt.

It was not intended, however, to give such creditor a preference over other creditors in respect to the real estate not covered by the mortgage when there is a deficiency of the personalty to pay the other debts. The only substantial advantage the mortgage creditor has over other creditors in respect to the lands not covered by the mortgage is that his right of action is not dependent upon a sufficiency of personal assets.

The preference of the mortgage creditor in the mortgaged premises is only available to him by foreclosure.

In an action under the statute to enforce the liability of the heirs or devisees they may allege in their answer and prove other debts of the decedent unsatisfied belonging to the same or prior class as that in suit, and properly chargeable against the land by reason of a deficiency of personalty. (2 R. S. 453, §§ 39, 40; Code, § 1856.)

The amount of the recovery in such an action must be in proportion to the value of the real estate which has descended to the defendants respectively; it is only when they have transferred the land that they are personally liable, and then only for an amount not exceeding its value.

When the land has not been aliened by the heirs or devisees the remedy is by action in equity having the nature of a proceeding *in rem* to reach the land. (2 R. S. 454, § 47; Code Civ. Pro. § 1852.)

The liability of the defendants is not joint, nor is the estate which has descended to any one of them subject to the proportion of the mortgage debt chargeable to any of the others.

In an action against all the heirs or their representatives, except one, of McC., who died intestate as to his real estate, to recover a deficiency arising on foreclosure of a mortgage upon land of which he died seized, it appeared that one-sixth of the real estate descended to the heir not a party, and that such interest was not represented by any defendant. A joint judgment against the defendants for the amount of the deficiency was rendered, neither the amount of the recovery nor the costs being apportioned; the judgment did not direct that its amount be levied upon the land which descended to the heirs. *Held,* error; that the defendants were chargeable only with five-sixths of plaintiff's claim, and for that amount only their interest in the real estate was subject to the levy of execution on the judgment; that the omission to plead the defect of parties defendant was a waiver merely of that defense, and did not increase the defendants' liability. Judgment, therefore, modified so as to charge the defendants with five-sixths of the amount of the recovery, and to direct the levy of it, duly apportioned upon the real estate which descended to defendants.

Interest had been paid by McC. upon his bond accompanying the mortgage within twenty years prior to the commencement of the action. *Held*, that although the remedy was given by statute, the cause of action was founded upon the obligation of defendants' ancestor; and so, it was not barred by the Statute of Limitations.

McC. by his will devised his real estate. By the judgment in an action brought by one of the heirs for the partition of said real estate the devise was adjudged to be void. Plaintiffs' testator brought an action against McC.'s executors, the defendants here and others, to vacate said judgment, and for direction that the executors sell sufficient of the real estate to pay his debt. Upon demurrer the complaint therein was dismissed. *Held*, that this did not sustain the defense of a former adjudication.

Defendant S. was sued as surviving trustee under the will of J., one of the heirs, who died in the state of New Jersey; her will was admitted to probate in that state; it was recorded in the office of the surrogate of New York city and county, but not formally admitted to probate in this state. By said will J. devised to S. and G., as trustees, her real estate in this state in trust, giving the survivor power to execute the trust. *Held*, that in respect to the land, the trustee was subject to the equitable jurisdiction of the courts of this state; and so, was properly made a party; and that a refusal to dismiss the complaint as to him was not error.

(Argued January 26, 1891; decided March 3, 1891.)

APPEAL, by defendants Elizabeth Patterson, Catharine Bonner and Preston Stevenson, as trustees, etc., from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 18, 1889, which affirmed a judgment in favor of plaintiffs' testator entered upon a decision of the court on trial at Special Term.

The action was brought to recover the amount of the deficiency of a mortgage debt of John H. McCunn, who died in July, 1872, leaving a will, by which he devised all his real estate to trustees.

He left surviving as his heirs at law, capable of inheriting real estate, his sister, of half blood, Jane McCunn, aferwards McDonald, and three nieces, Elizabeth Patterson, Catharine Bonner and Martha Hettrick. In April, 1873, Mrs. Patterson brought an action for partition of the land of which McCunn died seized, founded upon the alleged invalidity of the devise

of his real estate, and the action resulted in the determination that such devise was void, but no partition or sale was made pursuant to the judgment, which was entered November 1, 1881, *nunc pro tunc* as of January 25, 1878. McCunn died seized of several parcels of land, one of which was a certain lot bounded on Twenty-third street in the city of New York, upon which he, in December, 1854, made a mortgage to the City Fire Insurance Company to secure the payment, one year thereafter, of the sum of $5,000 according to the condition of a bond, also made by him to such company. He paid no part of the principal sum, but did pay the interest up to February 1, 1872. In March, 1874, the insurance company, in an action brought for that purpose, recovered a judgment of foreclosure and sale of the mortgaged premises. And in October, 1876, the plaintiff's testator, becoming owner by assignment to him of such judgment, afterwards caused the premises to be sold pursuant to it. The proceeds of the sale furnished nothing to apply upon the mortgaged debt, and in November, 1881, judgment for deficiency was entered amounting to $7,606.54 and interest from January 1, 1879, against the executors of the will of the decedent. About the time of the commencement by Mrs. Patterson of her action before mentioned, the heirs of McCunn, severally, conveyed certain portions of their interests in the land to Christopher Finn amounting together to forty-four-one-hundred-and-twentieths parts of such lands. And before the commencement of this action Mrs. Hettrick died intestate leaving her surviving five children; and Jane McDonald died leaving a will, by which she devised her real estate to two trustees with the right of succession to the survivor of them. The defendant Stevenson is such surviving trustee. This action was commenced in 1885 against the present defendants and the children of Mrs. Hettrick, deceased. The first trial resulted in a judgment of dismissal of the complaint, which judgment was by the General Term reversed as to the appellants and affirmed as to the other defendants. (51 Hun, 321.) The last trial resulted in a judgment in favor of the plaintiffs' testator for the amount of the deficiency in the foreclosure action.

*Preston Stevenson* for appellants. The heir takes the mortgaged real estate *cum onere* by virtue of this statute, but he is not, therefore, made personally liable to pay the mortgage debt, nor is any right of personal action against him conferred upon the creditor. The latter is not affected in any way in his remedies. He can foreclose and sell and then look to the administrator for any deficiency, or he can proceed to prove and recover his claim upon the bond from the personalty in the hands of the administrator, and the latter will be subrogated to his rights against the heir to the extent of the value of the mortgaged premises, *i. e.*, he can hold the property for all that it will pay of the mortgage debt. (1 R. S. 749, § 4; 3 R. S. [2d ed.] 600; 4 Kent's Comm. 420; *Wright* v. *Holbrook*, 32 N. Y. 587; *Halsey* v. *Reed*, 9 Paige, 452–454; *Johnson* v. *Corbitt*, 11 id. 269, 270; *Erwin* v. *Loper*, 43 N. Y. 525; *Roosevelt* v. *Carpenter*, 28 Barb. 426; *Rice* v. *Harbeson*, 2 T. & C. 4; *Mosley* v. *Marshall*, 27 Barb. 45; *Howell* v. *Price*, 1 P. Wms. 291; *King* v. *King*, 3 id. 358; *Galton* v. *Hancock*, 2 Atk. 431, 432; *Walker* v. *Jackson*, Id. 625; *Ankaster* v. *Mayer*, 1 Bro. Ch. 454; *Phillips* v. *Phillips*, 2 id. 273; *Woods* v. *Huntingford*, 3 Ves. 128, 130, 131; *Waring* v. *Ward*, 5 id. 670; 7 id. 332; *Cumberland* v. *Codington*, 3 Johns. Ch. 257; 4 Kent's Comm. 420; 1 R. S. 316, chap. 93; *Mollan* v. *Griffith*, 3 Paige, 402; 1 R. S. 749, § 4; *Selover* v. *Coe*, 63 N. Y. 438; Code Civ. Pro. §§ 1843, 1844, 1845, 2749, 2750; 2 R. S. 109, § 53; *Hyde* v. *Tanner*, 1 Barb. 79, 80; *Roe* v. *Sweezy*, 10 id. 249.) Plaintiff's rights are barred by the Statute of Limitations. (*Church* v. *Olendorf*, 49 Hun, 438; *Sandford* v. *Sandford*, 62 N. Y. 553; *Butler* v. *Johnson*, 111 id. 204; *Moers* v. *White*, 6 Johns. Ch. 371; *Sharpe* v. *Freeman*, 45 N. Y. 802; Code Civ. Pro. § 382.) It was not competent, under the established rules of procedure in our courts, to grant the judgment which has been granted in this action against the defendants. (*Haywood* v. *City of Buffalo*, 14 N. Y. 540; *Mann* v. *Fairchild*, 2 Keyes, 111; *Bradley* v. *Aldrich*, 40 N. Y. 504; *Wheelock* v. *Lee*, 74 id. 500; *Stevens* v. *Mayor, etc.*,

84 id. 305; Code Civ. Pro. § 1207.) The defendant Stephenson submits in his own behalf that the decision of the General Term upon which the judgment is based expressly exempts him from any liability to the plaintiff under the statute invoked as a ground of action; and that the complaint should have been dismissed as to him upon the second trial. (*Gere* v. *Clark*, 6 Hill, 350; *Butts* v. *Genung*, 5 Paige, 254; *Schermerhorn* v. *Barhydt*, 9 id. 45; *Wambaugh* v. *Gates*, 11 id. 515; *Mersereau* v. *Ryerss*, 3 N. Y. 262; *Stuart* v. *Kissam*, 11 Barb. 282; *Dodge* v. *Stevens*, 94 N. Y. 216; *Gray* v. *Ryle*, 18 J. & S. 198; *Field* v. *Gibson*, 56 How. Pr. 232; *Murphy* v. *Hall*, 38 Hun, 528.) Plaintiff is estopped from recovering by reason of the final adjudication of the same issues against him in a previous action. (*Wheeler* v. *Ruckman*, 51 N. Y. 391; *Blanchard* v. *Dias*, 3 Den. 238; *Alley* v. *Mott*, 111 U. S. 472; *Scharf* v. *Levy*, 112 id. 711; *Pray* v. *Hegeman*, 98 N. Y. 357.)

*Lewis Sanders* for respondents. The whole land which descended to the heirs, is the primary fund for the payment of the mortgage debt of the ancester. (*Rice* v. *Henderson*, 2 T. & C. 89; *Roosevelt* v. *Carpenter*, 28 Barb. 430; *Halsey* v. *Reed*, 9 Paige, 455; 2 R. S. 472, § 32; *Brown* v. *Knapp*, 79 N. Y. 143; Cooley's Const. Lim. [2d ed.] 223; Code Civ. Pro. § 1859; 3 R. S. [6th ed.] 736, § 35.) The court has jurisdiction over the executor and trustee of Jane McDonald. (*Harkness* v. *Hyde*, 98 U. S. 476; *Olcott* v. *McLean*, 73 N. Y. 225; *Ogden* v. *V. Bank*, 63 id. 180, 181; *Shields* v. *Thomas*, 18 How. [U. S.] 259; *Toland* v. *Sprague*, 12 Pet. 231; *Jones* v. *Andrews*, 10 Wall. 332; *Creighton* v. *Kerr*, 20 id. 12; *Judson* v. *Gibbins*, 5 Wend. 227; *Dunning* v. *O. N. Bank*, 61 N. Y. 501; *Peterson* v. *C. Bank*, 32 id. 2; Code Civ. Pro. § 2703; *In re Waite*, 99 N. Y. 488; *Peterson* v. *Lyman*, 20 id. 103; *Gulick* v. *Gulick*, 33 Barb. 92; *McNamara* v. *Dwyer*, 7 Paige, 239; *In re Webb*, 11 Hun, 125.) The Statute of Limitations is not a bar. (3 R. S. [6th ed.] 736, § 32; Code Civ. Pro. §§ 406, 1628,

1843; 4 Kent's Comm. 420.) A personal judgment was proper. (3 R. S. [6th ed.] 736, 737; Code Civ. Pro. § 1854.) While the Code requires an apportionment of the judgment among the several heirs according to the value of their respective interests, no objection was made to the form of the judgment which was filed on the usual notice and no motion was made to correct it and no objection was taken thereto at the General Term. It is too late to raise the question in this court for the first time, there being no exception which raises the question. (*DeLavallette* v. *Wendt*, 75 N. Y. 579; *Campbell* v. *Stevenson*, 63 id. 586.) If, notwithstanding the statute declaring the direct liability of the heir, circumlocution still obtains, appellants must fail. (*Shayer* v. *Marsh*, 75 N. Y. 342; *DeLavallette* v. *Wendt*, Id. 579; *Benisse* v. *Wood*, 37 id. 532; *Mallory* v. *T. Ins. Co.*, 47 id. 54; *Vanderlip* v. *Keyser*, 68 id. 444.)

BRADLEY, J. Inasmuch as the descent on which this action is founded was cast upon the heirs of John H. McCunn prior to the repeal by L. 1880, ch. 245 of art. 2 of tit. 3, ch. 8, part 3 of the Revised Statutes, the inquiry is suggested by counsel whether the provisions of the latter were for the purposes of the remedy still operative. (Code, § 3352.) That, however, is a matter of no importance in this case, as those provisions of the Revised Statutes, so far as applicable to it, and the substituted provisions of the Code of Civil Procedure, are substantially the same. The right to maintain this action is dependent upon the construction and effect of the statute which provides that "whenever any real estate, subject to a mortgage executed by any ancestor or testator, shall descend to an heir or pass to a devisee, such heir or devisee shall satisfy and discharge such mortgage out of his own property, without resorting to the executor or administrator of his ancestor, unless there be an express direction in the will of such testator that such mortgage be otherwise paid." (1. R. S. 749, § 4.) Prior to this statute the personalty was the primary fund for the payment of mortgage debts as well as others of the ancestor.

And at common law the heir was not chargeable with simple contract debts of such decedent; nor was he, unless mentioned in the bond of the ancestor, liable for debts by specialty of the latter, and when so named, his liability was to the extent only of the land which descended to him. This liability of the heir was in this state at first extended so as to embrace simple contract debts as well as specialties, whether the heir was mentioned in them or not; and for the purpose of charging him by means of action at law, a system of practice was provided by statute. (L. 1786, ch. 27, 1 R. L. 316.) That was superseded by the Revised Statutes which furnished.provisions for suits by· and against legatees and against next of kin and heirs and devisees and between heirs and devisees. (2 R. S. 450.) Under those provisions the liabilities of heirs and devisees are secondary and dependent upon the insufficiency of the personal estate of the decedent. The only exception to the primary charge of the debts upon the personalty was in the provisions of section 4 of the Revised Statutes before mentioned. And that did not in terms charge the heir with personal liability, nor was it contemplated by the statute that he should be so liable, irrespective of the property which descended to him, but rather that his liability to pay the mortgage out of his own property should be measured by and not exceed that which descended to him from his ancestor. The evident purpose of the revisers was, in the case provided for, to make the land the primary fund for the payment of the mortgage debt. (3 R. S. [2d ed.] 600.) And to give it practical effect that section and the other provisions of the statute on the subject, so far as applicable, are in *pari materia.* In that view the remedy is by action in equity having the nature of a proceeding *in rem* in such sense that when the land has not been aliened by the heir the execution of the judgment shall be had by levy upon the real estate descended to him. (2 R. S. 454, § 47; Code, § 1852; *Butts* v. *Genung,* 5 Paige, 259; *Schermerhorn* v. *Barhydt,* 9 id. 28; *Wood* v. *Wood,* 26 Barb. 356.) And to hold that the remedy is confined to the mortgaged premises, would

not give effect to the apparent purpose of the statute as represented by its terms. Such limitation is not consistent with its provisions that the heir shall satisfy and · discharge the mortgage out of his own property. Nor is it reasonable to suppose that the statute was intended to create a personal liability of the heir for the amount of the mortgage debt, but as we construe the statute its design was to make so far as practicable, the realty primarily chargeable with the payment of a debt of the decedent secured by mortgage on his land, and that when with the mortgaged premises the heir inherited other lands of the same ancestor he should take them altogether *cum onere* the mortgage debt, assuming that there was a personal liability of the decedent to pay it at the time of his decease. (*Roosevelt* v. *Carpenter*, 28 Barb. 426.) This, however, was not intended to give such creditor a preference over other creditors of the decedent in the proceeds of the lands not covered by the mortgage when there is a deficiency of the personal estate to pay them. (2 R. S. 453, §§ 39, 40; Code, § 1856.) The preference of the mortgage creditor in the mortgaged premises is only available to him by foreclosure of his mortgage and not by action under the statute. And in such action the heir may allege in his answer and prove that there are other debts of the decedent unsatisfied belonging to the same or prior class of that on which the action is founded and properly chargeable against. the land by reason of deficiency of personalty. (*Schermerhorn* v. *Barhydt*, 9 Paige, 45.) The statute provides that the action be brought against all the heirs jointly (L. 1837, ch. 460, § 73; Code, § 1846); that the amount which the plaintiff is entitled to recover shall be apportioned among them in proportion to the value of the real estate descended to the heirs respectively; and that the costs recovered shall in like manner be apportioned among them. (2 R. S. 455, §§ 52, 53; Code, § 1847.) In the view thus taken the only substantial advantage of the mortgage creditor over other creditors in respect to land inherited by the heirs, other than that covered by his mortgage, is in the fact that his right of action is not dependent upon a deficiency

of personal assets of the decedent. Nothing in that respect arises in this case, nor is there any question having relation to any other creditors.

It appears by the former adjudication, to that effect, that McCunn died intestate as to his real estate, and none of it seems to have been aliened by the heirs except about one undivided third part of it to Mr. Finn. There is no question about its sufficiency in value to pay the amount of the plaintiffs' claim represented by the judgment for deficiency in the foreclosure action in favor of their testator. The amount was not, nor were the costs recovered in this action apportioned among the defendants, nor did the judgment direct that its amount be levied of the land which descended to the heirs. These are statutory requirements. (2 R. S. 454, § 47; Code, § 1852.) And it is with a view to such judgment and its execution that it is made essential for the complaint to contain a description of the land. (Id. § 44; Id. § 1851.) It is only when the land has been aliened by the heirs that they are personally liable for an amount not exceeding its value. (Id. § 49; Id. § 1854.) The form of the judgment in this case is not very important, provided the execution upon it be levied upon the undivided real estate which descended to them for the amount only, with which the defendants are chargeable. But as one-sixth part of the estate which Mrs. Hettrick, one of the heirs of McCunn, inherited is not represented by any party defendant, that share is not subject to levy of execution upon the judgment. (*Schermerhorn* v. *Barhydt, supra.*) The defendants Patterson and Bonner and the testatrix of Stevenson took by descent five-sixth, of the real estate, and they are chargeable with only that proportion of the plaintiffs' claim, and for that amount only the property of the defendants is subject to the levy of such execution. The views here given have relation to the liability of the heirs in the case mentioned, and have no reference to other remedies of the mortgage creditor or to any question relating to the right of executors or administrators to subrogation in case he collects the deficiency of his mortgage debt from the personalty, in the event there remains realty

which descended to the heirs. While the statute does not deny to a mortgage creditor the right to seek payment of his debt from the personal estate of the decedent, the court of equity will not permit him to do so in the first instance to the prejudice of other creditors, but he will be required to resort to the land covered by the mortgage, which in view of the statute is the primary fund, for that purpose, and it is only for deficiency that he will be permitted in such case to seek payment from the personalty. (*Johnson* v. *Corbett*, 11 Paige, 265.) The deficiency referred to is that remaining unpaid of the debt after the application in due course, of the proceeds of the premises upon which the mortgage to secure it was a lien. The other real estate which descended to the heirs subject to the remedy before mentioned by action is not dependent upon any lien, but upon the statutory liability of the heirs.

The contention that a recovery was barred by the Statute of Limitations is not sustained. Although the remedy is given by the statute, the cause of action is founded upon an obligation of the ancestor of the defendants to pay the sum secured by the mortgage represented by his bond. And the Statute of Limitations is no more available to the heirs than it would have been to McCunn if he had been living. The interest was paid by him upon it in 1872, and this action was commenced within twenty years thereafter. It is unnecessary to consider the question, in the view taken by counsel, on the assumption that the recovery was treated as in an action of law, since the action must be regarded as one equitable in character.

Nor is there any support for the alleged defense of a former adjudication founded upon the fact that an action had been brought by the plaintiffs' testator against McCunn's executors, these defendants and others to vacate the judgment determining the invalidity of the devise in the will, and for direction that the executors sell sufficient of the real estate to pay his debt and for such further relief as the court should see fit to grant, and that upon demurrer to it the complaint was dismissed. That action in its nature and purpose was distinct from the present one; and while the complaint there embraced

many of the facts essentially in that of the present action, the issues tendered by the former as well as the relief in view, were quite unlike those represented by the complaint in this action.

A further question is raised as to the right of the plaintiffs to maintain the action against the defendant Stevenson, who is sued as surviving trustee of the will of Jane McDonald. She, at the time of her death, was a resident of the state of New Jersey. By her will, which was admitted to probate in that state, she appointed Stevenson and one Lozier executors and trustees, and devised to them all of her real estate in the state of New York in trust for certain specified purposes, and gave the survivor of them power to execute the trust. Letters testamentary were issued to them in the state of New Jersey, and the will was recorded in the office of the surrogate of the city and county of New York, but never was formally admitted to probate in this state. The defendant Stevenson is the surviving trustee, and as such has proceeded in the execution of the trust. It is unnecessary to consider the question in the aspect which it would be presented if this were an action at law to charge him with personal liability. His right to take the land with the power to control and dispose of it in execution of the trust was given by the will, and in respect to it the trustee is subject to the equitable jurisdiction of the courts of the state within which the land is situated, and such jurisdiction will be exercised by the court in behalf of creditors within the state.

The denial of the motion to dismiss the complaint as to the defendant Stevenson, therefore, was not error.

The liability of the heirs to pay the mortgage out of their property is proportionate with the real estate inherited by them respectively. And although no question arising out of the non-joinder of any representative of the estate which descended to Mrs. Hettrick, is raised by the answer or otherwise, the defendants are not liable to pay out of their property any amount greater than that with which they are charged by the statute. The omission to plead the defect of parties defendant

was a waiver merely of that defense to the action, without increasing the extent of the liability of the defendants, or the amount which the plaintiffs would otherwise be entitled to recover against them respectively. It may be observed that the liability of the heirs to pay out of their property is not joint, nor is the estate which descended to any one of them subject to the proportion of the mortgage debt chargeable to any other of the heirs. The portion which descended to Jane McDonald was one-half, and to each of the defendants, Patterson and Bonner, one-sixth. And inasmuch as the recovery in the court below was for the full amount of the mortgage debt, and the defendants represented only five-sixths of the estate, which descended to the heirs, the judgment should be so modified as to charge the defendants with only five-sixths of the amount of such recovery, and direct the levy of it (duly apportioned) of the real estate which descended to Jane McDonald and the defendants, Patterson and Bonner, and, as so modified, affirmed without costs in this court to any party.

All concur, HAIGHT, J., in result, except FOLLETT, Ch. J., dissenting.

Judgment accordingly.