## St. Paul Fire & Marine Ins. Co. v. Dakota Land & Live Stock Co. *et al.*

1. Where, in the abstract, appellant has inserted a specification of error as a part of its bill of exceptions on motion for a new trial, and entitled it "Assignment of Errors," in the absence of a formal motion to strike out, it will be considered as a sufficient assignment.

2. A mortgage provided that on default in interest the mortgagee might declare the principal sum due, and "may proceed and collect the same by foreclosure of the mortgage, * * * or otherwise as they may elect." *Held*, that the fact that the mortgagee has brought an action at law against the mortgagor, and recovered judgment, does not prevent a foreclosure where the money due on the note has not been collected.

3. In a foreclosure, plaintiff alleged judgment in an action at law on the mortgage note, and issuance of execution, and a due return wholly unsatisfied. Defendant's answer admitted the allegation of the paragraph except "that the execution in said paragraph mentioned was not duly returned." *Held*, not a sufficient denial that the execution was returned, but simply an allegation that it was not "duly" returned.

4. Evidence admitted generally, but admissible only to prove one issue, will be presumed to have been introduced for that issue only, and not on other issues not presented by the pleadings.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Brown county.   Hon. A. W. Campbell, Judge.

Action to foreclose a real estate mortgage.   Plaintiff had judgment and defendants appeal.   Affirmed.

The facts are stated in the opinion.

*J. H. Hauser.* (*W. H. Mead*, of counsel), for appellants.

Under the terms of the agreement when the insurance company sued upon the note, it had all it was entitled to, and this action, to foreclose the mortgage given to secure the note, will not lie.   17 Am. & Eng. Encyc. of Law, 218; Douglas v. Eyre, 1 Gilpin U. S. D. C.; Dumont v. U. S. 98 U. S. 142; Cody v. Burns, 46 N. J. Eq. 131; White v. Miller, 54 N. W. 736;   The action to foreclose was commenced two months before the execution upon the judgment at law was returned, unsatisfied, and this is fatal to the foreclosure proceedings.   Meehan v. Bank, 62 N. W. 490; Fisher v. Bowisson, 57 Id. 505; Hargreaves v. Menken, 63 Id. 951.

*W. F. Mason*, for respondent.

Corson, P. J.   This was an action to foreclose a real estate mortgage executed by the defendant to the plaintiff to secure the payment of a coupon note for $15,000.   Judgment was entered for the plaintiff, and the defendant apppeals.

The respondent makes a preliminary objection to the consideration of this appeal by this court, for the reason that no assignment of errors, as required by rule 11 of this court, appears in the abstract.   It is true that no formal assignment of

errors is found in the abstract, but the appellant has inserted
a specification of errors, apparently prepared as part of its bill
of exceptions on motion for a new trial, and evidently intended
it as an assignment of errors, as it is headed "Assignment of
Errors." It proceeds to state that it is a specification of errors
on which defendant will rely on motion for a new trial. The
specification of errors relied on, had it omitted the formal parts
making it applicable to a motion for a new trial, and contained
the usual commencement for an assignment of errors, would
have constituted a good assignment. We are of the opinion,
therefore, that in the absence of a formal motion on the part of
respondent to strike out the purported assignment of errors in
the abstract, under which the appellant would, upon terms,
have been allowed to supply the proper assignment, we must
regard it as sufficient.

The note and mortgage were executed in January, 1892,
and were by their terms made payable January, 1897, and they
contained the following stipulation: "And, if any or either of
said annexed coupon interest notes shall remain unpaid for ten
days after maturity thereof, we expressly agree with the payee
of this note that they or their assigns or other holder of this note
may at its or their option, and without notice to the makers, de-
clare the said principal sum, as well as any or either of said past-
due coupons, as fully due and payable, as fully as if this note
was payable on demand, and may proceed and collect the same,
by foreclosure of the mortgage given to secure the same, either
under the power of sale therein contained, or by suit or other
proceedings in court or otherwise as they may elect." Default
having been made in the payment of the interest due July 6,
1894, the plaintiff, in pursuance of the terms of said stipulation
elected to declare the whole sum due and payable, and pro-
ceeded to collect the same by an action at law in the district
court of the state of Minnesota in which judgment was entered
for plaintiff. In the action now before this court, the com-
mencement of the action at law in the district court of Minne-

sota against the defendant corporation and guarantors upon the note, now the basis of this action, the recovery of a judgment thereon, the issuance of an execution and return of the same are fully set out in plaintiff's complaint.

The appellant contends that the stipulation heretofore given, by its terms, limits the plaintiff to one of two methods of procedure, and that, when it elected to proceed at law in the district court of Minnesota, it was bound by that election, and could not thereafter maintain this action to foreclose the mortgage in equity until, by the terms of the note and mortgage, they became due. It bases its contention upon the words in the stipulation "and may proceed and collect the same by foreclosure of the mortgage * * * or otherwise as they may elect." The term "otherwise," as construed by counsel, evidently refers to and contemplates an action at law. The appellant takes the position that "or," as here used, means that, the proceedings at law being one of the proceedings authorized, the right to the other was thereby waived. We cannot agree with the learned counsel for the appellant in his contention. He evidently gives too little effect to the words "and may proceed and collect the same by foreclosure," etc. The stipulation is not that he may proceed to commence an action either in equity to foreclose the mortgage, or an action at law upon the note. In our opinion, the stipulation has made no change in the ordinary mode of proceeding in cases where the note and mortgage have become due by their terms, and the plaintiff was authorized to proceed, either at law or in equity, in the manner prescribed by the provisions of the Code, until it succeeded in collecting the money due it. The only effect of the stipulation, in our view, was to make the note and mortgage due and payable at an earlier date than that fixed by their terms, and that in other respects the same proceedings are authorized as when the note and mortgage are by their terms due and payable. But, were we incorrect in this view, the foreclosure was clearly authorized in this case by another stipulation in the mortgage,

which is, in effect, that, in case the mortgagor failed to pay the taxes upon the mortgaged property, the whole sum, principal and interest, should become due and payable. The court found that the mortgagor failed to pay the taxes for three years, and that the plaintiff was compelled to pay the same, to protect its mortgage lien.

At the close of plaintiff's evidence, the defendant moved the court to dismiss the action, upon the ground, among others, that it appears by the evidence that no execution against the property of the defendants, or either of them, had been returned by the proper officer, unsatisfied in whole or in part, prior to the commencement of this action. The court overruled the motion, and this ruling is assigned as error. The plaintiff introduced in evidence the record of the action at law in the district court of Minnesota, including an execution and return thereon, from which it appeared that judgment was entered on May 17, 1895, and an execution issued thereon, and the return filed December, 1895, though it bears date July 25, 1895. This action was commenced October 8, 1895, by the service of summons made about that time. The counsel for respondent meets the assignment with two propositions: (1) That the allegation in his complaint that the execution was issued, and duly returned unsatisfied either in whole or in part, is not denied by the answer. (2) If not so returned before this action was commenced, but was returned before any judgment was entered in this action, it would be sufficient, under the law, and the delay in making such a return would only have the effect to suspend the foreclosure proceedings until such a return could be obtained, and consequently there was no error in the ruling of the court. The plaintiff alleged in the sixth paragraph of its complaint that the judgment in the action at law was entered on May 17, 1895, and then alleged that "thereafter execution was duly issued, * * * and was duly returned wholly unsatisfied," and that the same had not been paid. The defendant expressly admitted the allegations of

that paragraph, "except that the execution in said paragraph mentioned was not duly returned." This was not a sufficient denial that the execution was returned, but simply that it was not duly returned; hence no issue was raised as to the return, and no evidence was required upon that subject. The introduction of the execution and return in evidence did not affect the question, as no motion for leave to amend the answer was made either on the trial or subsequently. There was an issue raised by the pleadings under which the evidence was properly admissible, namely, the issue of the insolvency of the defendant and guarantors. In such a case this court will presume that the evidence was offered upon the question properly in issue, and not upon a question not in issue. In Sykes v. Bank, 2 S. D. 242. 49 N. W. 1058, this court held that evidence admitted generally, but admissible only to prove one issue, will be presumed to have been introduced for that issue only, and not for any other issue not presented by the pleadings. In the case at bar the evidence was clearly admissible to prove the issue as to the solvency of the defendant. Under this view, it does not become necessary to construe Sections 5434 and 5435, Comp. Laws, and we therefore express no opinion as to the effect of a failure of the officer to make a return of the execution on a judgment recovered at law upon the note prior to the commencement of the action to foreclose the mortgage. Our conclusions are that the circuit court committed no error in entering judgment for the plaintiff, and the judgment of that court and its order denying a new trial are affirmed.