## BENNETT v. ELLIS *et al.*

1. In an action by the assignee of a bank on a note, defendants' answer set up that the note was signed by them as sureties only; that they were released from liability thereon by failure of plaintiff's assignor to enforce the liability of the principals; that there was no consideration for its execution; that it was to be paid out of a certain fund, and that it was not intended to create a personal liability,—and an accord and satisfaction. The evidence disclosed that the note was given for a pre-existing debt, and secured by mortgage on certain land; that prior to the present action plaintiff acquired a tax title to the land, in his individual capacity, and took a decree confirming title in himself. *Held*, that this evidence did not tend to establish any of the alleged defenses, and it was therefore proper to direct a verdict for plaintiff.

2. Comp. Laws, §§ 5432-5435, providing that complaints in proceedings to foreclose mortgages shall state whether or not any judgment at law has been obtained for the same debt, etc., and that where such judgment has been obtained no further proceedings shall be had, unless an execution has been issued on such judgment and returned unsatisfied, do not confine a mortgagee to one action for his debt, but recognize his right to maintain successive actions until satisfaction is obtained,

3. A prior action instituted for the purpose of confirming an individual tax title to certain land mortgaged to the bank of which the tax-title holder was president did not constitute an action for the recovery of the indebtedness to the bank, so as to estop the president, as assignee of the bank, from subsequently suing on the mortgage.

(Opinion filed July 18, 1900.)

Appeal from circuit court, Potter county. Hon. LORING E. GAFFY, Judge.

Action on a note by Cassius C. Bennett, assignee for the benefit of creditors of the Pierre Savings Bank, of Pierre, S. D., against A. L. Ellis and Libbie J. Ellis. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

*Albert Gunderson* and *A. L. Ellis,* for appellants.

*Horner & Stewart,* for respondent.

HANEY, J.   This action is upon a promissory note for $300 given by defendants to the Pierre Savings Bank, of which the plaintiff is receiver, for the benefit of creditors. A verdict was directed for plaintiff, and defendants appealed from the judgment rendered thereon.

Defendants' answer is as follows:   "Come now the above-named defendants, and, for answer to plaintiff's complaint herein, deny each and every allegation, matter, fact and thing in plaintiff's complaint contained.   For a second, separate and independent defense, and for the purpose of this defense only, the defendants allege that if any such note was signed by these defendants, or either of them, said note was so signed as sureties only, and not as principals; that plaintiff, by neglecting and refusing to collect the same from the principals, who were primarily liable for the payment thereof, promptly, when the same was due, released these defendants from all liability

thereon, and chose to rely on the fund which was primarily liable as principal on said note; and that thereby these defendants became and are now released from all liability thereon. For a third and separate and complete defense, and for the purpose of this defense only, defendants allege that this note was given as security for a pre-existing debt only, and it was agreed by and between the defendants and the said plaintiff that the principal and interest should be paid out of the proceeds of the sale of certain real estate situated in Sully county, South Dakota, which was of the value of one thousand dollars, and that there should be no personal liability on the part of these defendants for and on account of said indebtedness, and that there was and is no consideration for a personal liability on the part of these defendants to plaintiff by reason of said transaction, and that such note was given wholly without any consideration, and that the plaintiff has failed, neglected, and refused to sell said real estate, or to realize in any way upon said real estate, but has allowed the title to said land to pass to another, and has not complied with the contract entered into by plaintiff to make the said real estate primarily liable for said debt, and that the said real estate so transferred to plaintiff was and is of sufficient value to cancel said note in full, and that, if said real estate has not been applied to the extinction of said debt, the failure to so extinguish said debt is entirely due to the fault and negligence of the plaintiff, and without any fault of these defendants. For a fourth and independent defense defendants allege that full accord and satisfaction has been rendered by these defendants to plaintiff, and accepted by plaintiff for the payment and cancellation of said note and indebtedness." Appellants' contention is thus stated in their

brief: "When C. C. Bennett, the plaintiff in this action, as president of the Pierre Savings Bank, recovered judgment in the circuit court in the case of C. C. Bennett v. A. L. Ellis, *et al.*, quieting the title in him of the real estate of the value of $500 belonging to these defendants, under a tax-sale proceeding under a tax deed which he had recovered for taxes paid by him in execution of a trust under said mortgage, and under the following stipulation in said mortgage: 'In default where of, the said mortgagee or its assigns may pay the taxes and accruing penalties, interest, and costs, and the money so paid shall, from the payment thereof, be an additional lien secured by this mortgage upon the above-described premises, and bear interest at the rate of twelve per cent. per annum,'—the debt became canceled to the amount of the value of said real estate, and the plaintiff became thereby estopped, and is now estopped, from recovering said debt or any deficiency." This contention is untenable. It is predicated upon a state of facts neither alleged nor proved. No such defense is pleaded. It is disclosed by the evidence that the note sued upon was given in renewal or extension of a pre-existing indebtedness; that it was secured by a mortgage upon certain real property worth about $500; that prior to the commencement of this action the plaintiff, who was then the president of the Pierre Savings Bank, acquired a tax title to the mortgaged premises in his individual capacity; that in the same capacity he "took a decree of court confirming the title in himself" These irrelevant facts were established by evidence received against plaintiff's objections. They do not tend to support the allegations of the answer. No contract between the bank and the defendants was shown, other than that contained in the note and mortgage. The terms

of such contract are clearly expressed in writing. Defendants promised to pay the amount specified in the note, with interest, in accordance with its terms, and, to secure the performance of such obligation, hypothecated the realty described in the mortgage. Payment of the sum named in the note was the act to be performed, the lien created by the contract of the parties, being merely accessory thereto. Comp. Laws, § 4341. The indebtedness evidenced by the note has not been paid. No attempt was made to show that defendants signed it as sureties, or that there had been an accord and satisfaction. As there was no evidence tending to establish any of the alleged defenses, the court below did not err in directing a verdict for the plaintiff.

Counsel for appellants cited several California decisions in support of the contention that there can be but one action for the recovery of any debt secured by mortgage. Such decisions are based upon a statute which does not exist in this state. Code Civ. Proc. Cal. § 726. Here the right to maintain more than one action is expressly recognized and provided for. Comp. Laws, §§ 5432, 5434, 5435; St. Paul Fire & Marine Ins. Co. v. Dakota Land & Live Stock Co., 10 S. D. 191, 72 N. W. 460. Furthermore, the action instituted by Mr. Bennett in his individual capacity to confirm his individual tax title was not an action for the recovery of the indebtedness involved in this action, and, if it had been instituted by the bank, defendants' answer contained no allegations under which the fact could have been properly proved. The judgment of the circuit court is affirmed.