In the Matter of the Estate of BENEDICT WEISSMAN, Deceased.

Surrogate's Court, Kings County, June 2, 1931.

---

*Hill, Lockwood & Redfield* [*M. A. Willment* of counsel], for the executor.

*Moses & Singer* [*Felix A. Fishman* of counsel], for the Public National Bank and Trust Company of New York.

*Taylor & Roberts*, for the Kings County Savings Bank.

WINGATE, S. Since the days of the Revised Statutes it has been the legislative policy of the State to consider a decedent's real property the primary source of payment of incumbrances thereon. The pertinent enactment is now contained in section 250 of the Real Property Law. While this statute in terms applies merely to the relations existing between the heir or devisee and the estate of the decedent, it has, by judicial construction, been extended in a certain measure to the mortgagee. This is noted in *Hauselt* v. *Patterson* (124 N. Y. 349), in which the court says (at p. 359): " While the statute does not deny to a mortgage creditor the right to seek payment of his debt from the personal estate of the decedent, the court of equity will not permit him to do so in the first instance to the prejudice of other creditors, but he will be required to resort to the land covered by the mortgage, which in view of the statute is the primary fund, for that purpose, and it is only for deficiency that he will be permitted in such case to seek payment from the personalty. (*Johnson* v. *Corbett*, 11 Paige, 265.) " (See, also, *Erwin* v. *Loper*, 43 N. Y. 521, 525; *Olmstead* v. *Latimer*, 9 App. Div. 163, 166; modfd. on other grounds, 158 N. Y. 313.)

It would seem to follow, therefore, that when it is found that a decedent has executed a bond and mortgage on real property, his estate is substantially in the position of surety or guarantor respecting the mortgage obligations, and the mortgagee has a provable claim against the estate itself only if and to the extent that the security proves inadequate. In other words, the mortgagee's claim against the estate prior to actual foreclosure of the mortgage is merely contingent and unliquidated.

The Surrogate's Court Act, in section 207 (as amd. by Laws of 1922, chap. 234), makes the following provision respecting claims of this nature: " Whenever at the death of any person there shall be a contingent or unliquidated claim against his estate, or an outstanding bond, recognizance or undertaking upon which the deceased shall have been principal, surety, or indemnitor and on which at the time of his death the liability is still contingent or unliquidated, a claimant or a surety shall have the right to file

with the executor or administrator of the estate of the deceased on or before the day named in the notice provided for in this section, an affidavit setting forth the facts upon which such contingent or unliquidated liability is based and the probable amount thereof, and there shall be no distribution of the assets of said estate without the reservation of sufficient moneys to pay such contingent or unliquidated claim when the amount thereof is finally determined."

In the case at bar the decedent executed bonds and mortgages upon two parcels of real property to the Kings County Savings Bank as mortgagee. These mortgages aggregated $154,000. The decedent died on March 1, 1929. Letters testamentary were issued to the Guaranty Trust Company of New York on the twenty-fifth of the same month. It thereupon caused advertisements for claims to be made. After the time so fixed for the presentation of claims had expired, a letter was written by the attorneys for the mortgagee calling the executor's attention to these mortgages and concluding: " The bank requests that we advise you of its claim against the estate so that the adequate funds will be withheld from distribution until this indebtedness is liquidated." Aside from this informal communication, the only assertion of any claim against the estate by the bank is in the form of an answer filed in this proceeding, which alleges the making of the mortgages by the decedent, their outstanding face value and holding by the bank, and that " the neighborhoods are changing; the values are declining rather than increasing." The prayer for re ief reads: " Wherefore, the Kings County Savings Bank respectively asks that a decree be entered herein directing Guaranty Trust Company as Executor of said estate to set aside from the personal estate a sum equal to forty per cent of the principal amount of said mortgages toward deceased's liability on said mortgage bonds."

As stated, no suggestion of claim against the estate was made by the mortgagee prior to the expiration of the time limited for the presentation of claims in the advertisement therefor. The court is not, however, inclined to construe the quoted portion of section 207 of the Surrogate's Court Act as placing a short Statute of Limitations upon the presentation of such a claim.

It seems apparent, however, in view of the legislative policy of the State shown by section 250 of the Real Property Law, as construed by authoritative decisions, that proper proof of a contingent claim, such as is here asserted, requires the filing of " an affidavit setting forth the facts upon which such contingent * * * liability is based and the probable amount thereof." Obviously, the original letter from the attorneys is neither an

affidavit nor does its statement in non-affidavit form comply with the requirements of the section. Whereas, liberally construed, the answer may be deemed an affidavit, it is also deficient in the statement of facts upon which a determination may be based and in the particulars respecting the probability of a deficiency and its amount. In justice to the general creditors justiciable facts should be submitted which will enable the court to determine the extent to which their claims may presently be paid. (*Matter of Littleton,* 129 Misc. 845, 850.)

On the record as it stands the mortgagee has failed to bring its proof of a contingent claim within the provisions of section 207 of the Surrogate's Court Act. Since, however, this court is one of equitable jurisdiction, it is only proper that an opportunity should be granted it to do so. It may, therefore, have ten days from the publication of this decision within which properly to prepare and present its proof of claim, failing which it shall be deemed to have abandoned it.

The second question raised in this proceeding is, in substance, an application by the corporate fiduciary for the advice and direction of this court respecting the business advisability of its abandonment of certain real property of the estate. In view of the familiar claims of corporate fiduciaries respecting their pre-eminent qualifications in the solution of such problems, the implied compliment to the business sagacity of the court is not inconsiderable. While, however, the inherent suggestion that the court possesses a prophetic vision in such matters, superior even to the asserted acumen of the advisory boards of corporate fiduciaries, is most flattering, fundamental principles prevent the assumption of this directive function. Perhaps the most basic guiding principle regarding testate estates is that testator's lawful desires are to be respected. In this connection he has manifested an unequivocal intention that his named fiduciary should conduct the business affairs of his estate and this course must be pursued. The executor has the power to abandon worthless assets of the estate. Whether or not the property in question is of this description is for the executor, and not for the court to decide. (*Matter of Ebbetts,* 139 Misc. 250.)

Proceed accordingly.