THE FEDERAL LAND BANK OF OMAHA, v.
SCHLEY, et al, Respondents

(293 N. W. 879.)

(File No. 8360. Opinion filed September 24, 1940.)

**Frank L. Sieh,** of Aberdeen, and **Clair L. Kintz** and **Otto A. Gruhn,** both of Omaha, Neb., for Appellant.

**M. C. Lasell,** of Aberdeen, for Respondents.

WARREN, J. An application was made by the defendants, Emma Wegner Schley and her husband, Albert W. Schley, to the plaintiff for a loan and offered certain real estate as security. The application received favorable consideration and thereafter a promissory note was signed, executed, and delivered in the sum of $3,200 by the defendants to the plaintiff. A real estate mortgage on certain real property in Edmunds County, South Dakota, was signed, executed, and delivered, contemporaneously, therewith, as security for the payment of said promissory note.

Upon default in payment of instalments on said note, plaintiff brought suit thereon against the defendants in the Circuit Court of Brown County, South Dakota. Emma Schley answered separately and admitted the loan, the execution of the note sued upon, and that she was in default of payment of the last three instalments, and the ownership of the note by the plaintiff. The husband, Albert W. Schley, in a separate answer admitted the loan to Emma W. Schley, and the execution of the note sued upon. The defendant, Emma W. Schley, by affidavit made application to the Circuit Court that the suit upon the promissory note at law be abated until the plaintiff had exhausted its remedy against the security. An order to show cause was issued requiring plaintiff to appear before the Circuit Court to show why the action should not be abated until the plaintiff had realized upon the security for the note sued upon. Plaintiff resisted defendant's application, and on November 13, 1939, the Circuit Court ordered: "That all proceedings in the action be stayed until the plaintiff herein shall foreclose upon the land which is security for the debt sued upon herein, or

has waived its security to said land." The plaintiff has appealed from this order.

An examination of the note discloses that both respondents signed the same and that the printed form contained among other things the following: "The separate estate of each maker is hereby expressly bound for the payment of this note." The face of the note states that principal and interest is payable on an amortization plan in successive semi-annual instalments in accordance with the amortization table printed on the back and expressly made a part of said note.

Appellant contends that under the statutes of this state it may, at its election as a holder of a promissory note, sue at law in the first instance, and that it is not necessary to bring proceedings to foreclose the mortgage, and that it does not waive its rights under the mortgage securing the debt by bringing a suit for judgment upon the promissory note. Certain sections of our code are cited, namely, SDC 37.2903, 37.2904, and 37.2905. There is considerable force to appellant's argument that there would be no purpose of enacting the foregoing sections if a suit at law could not be maintained prior to the foreclosure of a mortgage and that such remedy does not exist. We are not of the opinion that this lawful owner and holder of a promissory note such as this, containing no restrictions, can not bring a suit for judgment thereon. The foregoing sections give full support to the theory that an independent action at law may be maintained without interference by our courts. It would be senseless to enact into law the foregoing sections restraining the commencement of foreclosure until the remedy at law has been exhausted to the extent prescribd therein if no suit could be maintained upon the promissory note.

Under the decisions of our court it appears that a mortgagee may sue on the indebtedness without foreclosing the mortgage. Hampe et al. v. Manke et al., 28 S. D. 501, 134 N. W. 60; Bennett v. Ellis et al., 13 S. D. 401, 83 N. W. 429.

Cf. St. Paul Fire & Marine Ins. Co. v. Dakota Land &

Live Stock Co. et al., 10 S. D. 191, 72 N. W. 460; and Jepson v. Rapid City, B. H. & W. R. Co., 64 S. D. 470, 268 N. W. 367.

It would appear from the briefs of counsel that one of the real issues to be determined is the taking of a personal judgment upon a note secured by a real estate mortgage. Chapter 150 of Session Laws 1935, p. 222, now SDC 39.0308, has been cited as has SDC 39.0303. The view we take of the issues before us is that these statutes play no part and are not controlling in this decision. We are concerned only with the deciding of the trial court's wisdom in entering the stay order. This statute is quite specific both in its enacting clause and the various sections, that it was enacted for the purpose of protecting the owner against deficiency judgment on foreclosure of a mortgage given in payment of the purchase price of real estate. Sections 1, 2, and 3 all specifically allude to and make mention of purchase price mortgages. Section 6 again reiterates the prohibition against taking a deficiency judgment against the purchase price of a real estate mortgage, but makes the exception as to a note or mortgage in favor of or held by the United States of America or any agency or instrumentality of the United States.

The mortgage before us is in no sense a mortgage given for the purchase price of real estate. To hold that this statute applies to the instant proceeding would be doing violence to the plain and concise language used in the legislative attempt to state the purpose of the act and the various sections thereof, that there shall be no deficiency judgments where a mortgage is given for the purchase price of real estate.

Respondents make reference to Chapter 146, p. 181, of the 1939 South Dakota Session Laws approved March 7, 1939. As we view the proceedings before us, it would seem that respondents seek our decision well in advance of any such issue in which this statute might or might not be applicable. This court therefore ought not to be required to pass judgment in advance upon this stay proceedings as it must be apparent that the court is much in the dark from

the presentation of the facts in the present proceedings as to what may or may not develop if further proceedings are pursued. Clearly Chapter 146 has no application to the issue presented in this appeal.

We briefly allude to the promissory note upon which the appellant brought suit and it would seem that some force and effect must be given to the language therein which states that "the separate estate of each maker is hereby expressly bound for the payment of this note." That, in our opinion, permits the interpretation of our statutes, that a suit may be brought upon a promissory note for recovery thereon without exercising the option to foreclose the mortgaged property. We find no language in this note to the effect that the mortgaged property shall be primarily liable for the debt. The statement binding the separate estate of each maker for the payment of the note, we feel, grants to the holder of the note a right of action and deprives the respondent of successfully insisting in this action that the appellant must first exhaust the mortgaged property.

The Supreme Court of Nebraska in a recent decision, Federal Farm Mortgage Corporation v. Hughes et al., 137 Neb. 454, 289 N. W. 866, 868, upon facts closely resembling the instant case said:

"Defendants contend that foreclosure of a mortgage was the remedy authorized by the note to enforce payment of it in the event of default and consequently that the action at law is not maintainable. The law applicable to this contention was formerly stated as follows:

" 'The holder of a note which is secured by a mortgage may maintain an action at law on the note, where neither note nor mortgage contains stipulations making the mortgaged property primarily liable for the debt.

" 'In the absence of an agreement by a mortgagee to look primarily to his security for satisfaction of the debt, a foreclosure of the mortgage is not a common precedent to an action at law on the secured claim.' Grable v. Beatty, 56 Neb. 642, 77 N. W 49.

"Plaintiff is not seeking any relief under a mortgage. Neither the mortgage to which the note refers nor a copy

thereof is in the record. Its terms as to remedy, if any, are not disclosed. The note itself does not contain a stipulation making mortgaged property primarily liable for the debt. It follows that a defense on this ground is not disclosed by the record."

We are of the opinion that the appellant was within its rights in bringing the action. We have carefully examined the citations cited by respondents and feel that the decisions cited are not controlling and do not prohibit the bringing of the action upon the promissory note for a judgment thereon.

The order appealed from is reversed.

POLLEY, J., concurs.

SMITH, P.J., and ROBERTS and RUDOLPH, JJ., concur in result.