Hans Martin Finnerud died testate in Codington County. Carl D. Johnson, the respondent, was appointed as executor of the Finnerud will. Among other assets of the estate was certain real property in Codington County upon which the appellant, Midland National Life Insurance Company, held mortgages. These mortgages were given to secure two notes signed by the deceased. The appellant filed claims against the estate based upon these two notes representing that the notes were secured by the mortgages heretofore mentioned. The executor disallowed the claims as claims against the general assets of the estate, but allowed these claims as contingent for any deficiency remaining after the foreclosure of the mortgages. The county court, after a hearing upon these contested claims, allowed the claims against the general assets of the estate and ordered payment thereof. An appeal was taken from this order of the county court to the circuit court of Codington County. The circuit court sustained the position of the executor. Judgment was entered accordingly and the claimant has now appealed to this court.
The basis of the trial court's judgment from which this appeal is taken is to be found in its conclusions of law Nos. 2, 3, and 4, which are, as follows:
"That such claims and each of them are contingent claims only, subject to foreclosure of the mortgages mentioned and any possible deficiency, and that resort may be had to the general assets of the estate of the decedent only for any deficiency which may remain after foreclosure of said mortgages and sale of the mortgaged property."
"That under the laws of the State of South Dakota the said real estate herein described, subject to mortgages, passed by the will of decedent, and that the said land and real *Page 148 
estate is the primary fund and the primary source of payment of these incumbrances and mortgages, and that the mortgagee and claimant cannot resort to the estate of the decedent for the payment of said mortgage indebtedness as it does not appear from the evidence submitted herein that there was an express direction in the will of the decedent that the mortgage should be otherwise paid."
"That the claims filed by claimant herein, and each of them, are not due but are contingent, and the part thereof which the holder would be entitled to after foreclosure of said mortgages and proof of deficiency, if any, is not determined at this time, and that the said claimants are not entitled to the allowance of or an order directing the payment of said claims in any sum at this time, but that the same are contingent claims as aforesaid only."
A preliminary motion by respondents asks that certain portions of appellant's brief be stricken. The appellant in its original brief contended that under the will of the deceased the devisees of the mortgaged property received not only the mortgaged property but also all of the residue of the estate. In other words that, by the terms of the will of the deceased, this property was devised together with other property to three named devisees in equal shares. Respondents contend in their motion to strike that the record does not disclose that this mortgaged property, together with the residue of the estate, was devised to three named devisees in equal shares. For reasons which will hereinafter appear we do not believe that it is material whether the property was specifically devised to a named devisee or whether it went with the residue to three named devisees. We, therefore, accept the question to be determined herein as that question has been stated by appellant in its reply brief, as follows: "Under Section 56.0227, must a mortgagee resort to a foreclosure of his mortgage before he can have recourse to the general assets of the estate where, as in this case, the estate is solvent and where the same persons receive under the will the mortgaged property and also all of the rest and residue of the estate equally, share and share alike?" *Page 149 
In this connection it should be noted that the trial court found that there was no direction in the will of the decedent that the mortgage debt should be paid from the general assets of the estate, and appellant makes no contention to the contrary.
[1] Respondents concede that it is the rule of this state that the mortgagee may sue on the indebtedness without foreclosing the mortgage. Hampe et al. v. Manke et al., 28 S.D. 501, 134 N.W. 60; Green v. Frick, 25 S.D. 342, 126 N.W. 579; Bennett v. Ellis et al., 13 S.D. 401, 83 N.W. 429; Federal Land Bank v. Schley,67 S.D. 476, 293 N.W. 879. However, respondents contend that this rule no longer exists after the death of a mortgagor who has left a will devising the mortgaged property, and bases this contention upon our statute, SDC 56.0227, which provides: "When real estate subject to mortgage passes by will, the devisee must satisfy the mortgage out of his own property without resorting to the estate of the decedent unless there is an express direction in the will that the mortgage shall be otherwise paid."
It is respondents' contention that under this statutory provision real property subject to a mortgage which has been devised under the terms of a will becomes the primary source of payment of encumbrances thereon in the absence of a clear testamentary intent to the contrary, and that the mortgagee has a provable claim against the estate only to the extent that the security proves inadequate.
Section 250, Real Property Law of New York, is similar to our section SDC 56.0227; the only difference being that the New York statute applies to property to which an heir succeeds as well as to property devised by a will. Recent New York cases construing this statute have held in accord with respondents' views. Cochrane v. Hawver et al., 54 Hun. 556, 7 N.Y.S. 907; Hauselt et al. v. Patterson et al., 124 N.Y. 349, 26 N.E. 937; In re Horner's Estate, 149 Misc. 695, 268 N.E. 74; In re Weissman's Will, 140 Misc. 360, 250 N.Y.S. 500; Matter of Rosenbaum's Estate, 157 Misc. 316, 283 N.Y.S. 519; In re Burrows' Estate,167 Misc. 1, 3 N.Y.S.2d 449. *Page 150 
[2, 3] The reasoning of these New York cases as applied to our South Dakota statute is that when death occurs this statute relating to devised mortgage property comes into operation and requires that a creditor fashion his remedy in accordance therewith. A creditor will not be permitted to nullify the effect of this statute by compelling payment out of the general assets of the estate or be permitted to create circuitous litigation involving the subrogation of the personal representative to the rights of the mortgagee. The net result of the reasoning is stated in the case of In re Weissman's Will, supra [140 Misc. 360, 250 N.Y.S. 501]: "When it is found that a decedent has executed a bond and mortgage on real property, his estate is substantially in the position of surety or guarantor respecting the mortgage obligations, and the mortgagee has a provable claim against the estate itself only if and to the extent that the security proves inadequate."
We believe that this reasoning is sound, and that it applies to any devised mortgaged realty. The situation is somewhat analogous to the transfer of mortgaged realty to a grantee who assumes and agrees to pay the mortgage, which, this court has held, creates a quasi suretyship relation between the mortgagor and mortgagee. Zastrow v. Knight et al., 56 S.D. 554, 229 N.W. 925, 72 A.L.R. 379.
Appellant relies to a large extent upon the early case of Wright v. Holbrook, 32 N.Y. 587, but that case involved an equitable lien growing out of a contract of purchase. The court in that case did assume and discuss a mortgagor-mortgagee relationship, but the decision ultimately rested upon the premise that the statute had no application to the type of lien there involved. So far as we have been able to determine, the case has never been considered as authority in New York for the position of appellant.
The judgment appealed from is affirmed.
All the Judges concur. *Page 151