# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3877

_____

United States of America,                    *
acting through the Small                      *
Business Administration,                      *
                                              *
           Plaintiff – Appellee,              *
                                              *    Appeal from the United States
           v.                                 *    District Court for the District of
                                              *    South Dakota.
Ronald L. Wieczorek;                          *
Deanna M. Wieczorek;                          *         [UNPUBLISHED]
                                              *
           Defendants – Appellants,           *
                                              *
Rocky Wieczorek; John Wieczorek;              *
Massey-Ferguson Credit                        *
Corporation; Massey-Ferguson,                 *
Inc.; Farmers Elevator Co.                    *
of Mount Vernon; Davison                      *
County, South Dakota,                         *
                                              *
           Defendants.                        *

_____

Submitted: October 11, 2002

Filed:  October 18, 2002

_____

Before LOKEN, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Ronald and Deanna Wieczorek appeal from the district court's[1] grant of summary judgment in favor of the government in this foreclosure action. In 1981, Ronald, doing business as Davison County Implement, executed a promissory note for a loan from the Small Business Administration (SBA). The note was secured by real estate mortgages on two parcels of land. The Wieczoreks defaulted on the note, and the SBA obtained a money judgment on the note in 1984. The judgment has remained unsatisfied since that time. In 1998, one of the above-mentioned parcels of land was sold and the proceeds were deposited into the court registry. The government then brought this action to foreclose on the mortgages.

The district court granted summary judgment in favor of the SBA, entered judgment of foreclosure, and ordered the sale of the remaining parcel. This parcel has since been sold, as the Wieczoreks did not obtain a stay of the district court's judgment. The Wieczoreks appeal, arguing that the 1984 money judgment extinguished the SBA note and with it any security interest represented by the mortgage.

The Wieczoreks do not dispute that Ronald defaulted on the note, that the SBA accelerated and reduced this note to judgment in 1984, and that the 1984 judgment remains unsatisfied. Instead, they argue that the reduction of the note to judgment in 1984 somehow invalidated the SBA's right to foreclose on the mortgage because the word "cancelled" was allegedly typed on the note following the 1984 judgment. The district court rejected that argument as being contrary to longstanding South Dakota law that entry of a money judgment on a promissory note does not extinguish the right to foreclose a mortgage, citing Federal Land Bank of Omaha v. Schley, 293 N.W. 879 (S.D. 1940) and St. Paul Fire & Marine Insurance Co. v. Dakota Land &

---

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

Live-Stock Co., 72 N.W. 460 (S.D. 1897).  The court granted summary judgment in favor of the SBA.[2]  Based on the record before us, we find no error that would require reversal.  Accordingly, we affirm.[3]  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Regarding the remaining defendants, the district court either entered default judgment in favor of the SBA, granted judgment on the pleadings in favor of the SBA, or ruled on the status of the remaining defendants' interests in the subject property.  These defendants have not joined in the Wieczorek's appeal.

[3]The government moves to dismiss the appeal as moot because the property that was the subject of this action has been sold and the sale confirmed.  To the extent that the Wieczoreks attempt to recover the land which has been sold, we agree that the appeal is moot.  The Wieczoreks did not obtain a stay from either the district court or this court.  "Once foreclosed property is sold to a bone fide third-party purchaser, a court generally lacks the power to craft an adequate remedy for the debtor." United States v. Fitzgerald, 109 F.3d 1339, 1342 (8th Cir. 1997).  Because the Wieczoreks did not secure a stay of these proceedings, they cannot recover the land.  To the extent that they seek this relief, their appeal is dismissed as moot. Id.  We therefore grant in part and deny in part the government's motion to dismiss the appeal.