## HAMPE et al. v. MANKE et al.

The agent of a vendor sent to a bank a deed and a mortgage, directing the bank to deliver the deed on execution of the mortgage by the vendee, and the accompanying letter stated that the agent would attend to recording the mortgage. The letter was shown the vendee, and on executing the mortgage he requested the bank to have the instrument recorded at once, to which the bank agreed. Thereafter the mortgagor conveyed to one who assumed the mort-

gage, and the mortgagor, learning that the mortgage had not been recorded, informed the mortgagee of the conveyance, and demanded that the mortgagee record the instrument, which he failed to do, and subsequently the property was conveyed to an innocent purchaser. **Held,** that the conveyance by the mortgagor and assumption of the debt by his grantee created the relation of principal and surety; and, the security having been lost to the mortgagor, by reason of the mortgagee's negligence in failing to record the mortgage, the indebtedness as between the mortgagor and mortgagee was discharged.

A mortgagee may sue on the indebtedness without foreclosing the mortgage.

Where a mortgagor conveys the property to one who assumes the debt, which is known to the mortgagee, and the mortgagor is compelled to pay the debt, he is entitled to be subrogated to the rights of the mortgagee.

McCoy and Whiting, JJ., dissenting.

(Opinion filed, January 17, 1912.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by G. J. Hampe and another against Emil Manke and another. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Reversed.

*Buell & Gardener,* for appellants.

While the mortgagee may release the mortgagor without discharging the grantee, his release of the grantee, or his valid extension of the time of payment to the grantee, without the mortgagor's consent, would operate to discharge the mortgagor. 1 Pom. Eq. Jur. 192; Dillaway v. Peterson, 11 S. D. 210; 76 N. W. 925; Calvo v. Davies, 73 N. Y. 211; Machine Works v. Caswell, 29 Pac. 1072; Bank v. Waterman's Estate, 134 Ill. 461; Schroeder v. Kenney, 49 Pac. 894; King v. Baldwin, 2 Johns Ch. 554; Wiltsie Mortg. Forec. 272; Insurance Co. v. Hanford, 143 U. S. 187.

*Robert Burton,* for respondent.

Mortgagors, conveying mortgaged premises by warranty deed without reciting lien of mortgage in the deed, remain solely and personally liable to the mortgagees for the payment of the mortgage debt. Granger v. Roll et al., 6 S. D. 611. A surety cannot discharge himself by demanding affirmative action on the part of

a creditor. Duty to act rests upon debtor. Yerza v. Ruth Ruff, 25 L. R. A. (N. S.) 139.

CORSON, J. This is an appeal by the defendants from a judgment entered in favor of the plaintiffs and from the order denying a new trial. The action was instituted by the plaintiffs to recover the sum of $500 due on a promissory note, executed by the defendants, bearing date of the 13th day of December, 1907. It is provided in the note, among other things, that the "principal and interest are secured by a first mortgage deed which is the *first lien* on real estate in Knox county, Nebraska."

[1] As the court found the facts substantially as set out in the answer as a defense to the action, we insert the court's findings, instead of the answer. The court found, among others, the following facts: "That at the same time and place of the making of said promissory note the said defendants, to secure the payment thereof, executed under their hands and seals, and duly acknowledged and delivered to the plaintiffs, a certain mortgage bearing even date with said note, whereby the said defendants mortgaged to the plaintiffs in fee a certain tract of land situate near the town of Bloomfield, in the county of Knox, and state of Nebraska, consisting of 40 acres, * * * then, and at the time of the commencement of this action, of the fair and reasonable value of $1,500, which said mortgage contained the usual covenants, and was duly acknowledged and certified, so as to entitle it to be recorded in the office of the register of deeds of said Knox county, Neb., the county wherein said land was and is situated. That the agent of the plaintiffs, one Thomas Brown, of Muscatine, Iowa, prepared and forwarded by letter to the Pennington County Bank, of Rapid City, S. D., the deed and abstract of title for the land, and also prepared and forwarded by same letter the mortgage, notes, and coupon notes, and in such letter directed the said Pennington County Bank to deliver the deed to the property executed by the plaintiffs to the said defendant Emil Manke, upon the payment by said Emil Manke of the sum of $300, and upon the execution by Manke and his said wife of the mortgage, note, and coupon notes and delivery of same to the bank; and when the

deal was so consummated directed said bank to forward said $300, the mortgage, note, and coupon notes to him (the said Brown) at Muscatine, Iowa, who stated in his letter that he would forward the mortgage to the register of deeds in and for said Knox county, Neb., for record. That the said Pennington County Bank, at the time of the closing of said transaction, exhibited said letter to the defendants, and said defendants at that time paid the said bank for the plaintiffs the said sum of $300, and executed and delivered to said bank the said mortgage, note, and coupon notes, whereupon the said bank forthwith forwarded said mortgage, notes, coupon notes, and $300 to said Thomas Brown at Muscatine, Iowa, in the regular course of mail, and pursuant to his request. That at the time of the closing of said transaction the defendants stated to the bank that said land had been purchased for speculation, and for that reason they might wish to sell the land at any time, and requested the said bank to have the said mortgage recorded immediately, whereupon said bank promised said defendants that said mortgage would be forwarded for record at once, and thus and thereby impart constructive notice of the existence of said mortgage and the lien thereof on said land, and defendants relied upon the letter of said Brown promising to record said mortgage, and relied upon the promise of said bank that the same would be forthwith recorded, and believed and relied upon the plaintiffs recording said mortgage, and afterwards, and in the month of May, 1908, sold said lands to one Mitchell in reliance thereof. That, as a part of the consideration of the sale of said land by the defendants to said Mitchell, said Mitchell orally agreed to and did assume and agree to pay the said mortgage when the same should become due, and thereupon the defendants executed a warranty deed to the said Mitchell for said premises, and said defendants assumed and believed that the plaintiffs had placed on record the said mortgage. That the plaintiffs failed to record said mortgage in said Knox county, and in fact never did file or record said mortgage in said Knox county. That after defendants had so executed a deed to said premises to said Mitchell, and during the month of. August, 1907, and as soon as defendants learned that said mortgage had not been recorded, they notified plaintiffs

by letter that they had sold and conveyed said land to said Mitchell, and that said Mitchell had assumed the payment of said mortgage indebtedness, and demanded that said plaintiffs forthwith record said mortgage in the office of the register of deeds in and for said Knox county, lest the said Mitchell should convey said premises to an innocent purchaser, and, notwithstanding such notice and demand, plaintiffs neglected to record said mortgage, and thereafter, and on the 14th day of November, 1908, the said Mitchell conveyed the said premises by warranty deed to a third party, who had no knowledge of the existence of said mortgage, but believed, upon examination of the record, that said premises were not incumbered with a lien of said mortgage. That, had the plaintiffs recorded said mortgage, the mortgage indebtedness could have been collected from the said mortgage security, and, as the defendants have been unable to collect from said Mitchell, the said indebtedness must be made from said defendants, or not at all."

The court's first conclusion of law is as follows: "That the defendants, nor either of them, have not made any defense to the complaint of the plaintiffs, and are not entitled to any relief in the premises; and the court further finds that the defendants were not entitled to rely upon the written statement of the plaintiff's agent that he would forward said mortgage to Knox county for record, or entitled to rely upon the statement of the said Pennington County Bank that said mortgage would be sent at once for record." And thereupon a judgment was entered in favor of the plaintiffs.

It is contended by the appellant that: "The court erred in not holding that the transfer of the land by appellants to Mitchell, who orally assumed the payment of the mortgage, with notice to respondents, created the relation of principal and surety between appellants and respondents, and the failure to record the mortgage after such notice, and consequent loss of the security, worked a release of appellants' personal liability on the indebtedness." It is further contended by the appellants that the conveyance of the land by them to Mitchell, who orally assumed the payment of the

debt as part consideration for the transfer, and the respondents having received notice of such transfer and oral assumption of the debt by Mitchell, the relation of principal and surety was thereby created between respondents and appellants, and the respondents were bound by all the rules of suretyship, and having in the face of such notice failed and neglected to record the mortgage, with the result that the security became lost and dissipated, the appellants became thereby released from their personal liability on the note in suit, constituting the mortgage indebtedness.

The law applicable to such cases is thus stated in 27 Am. & Eng. Enc. of Law, pp. 516, 517: "One of the most vital applications of equitable principle in the law of discharge is found in the rule which prevents the creditor from increasing the surety's risk by an improper disposal of securities. It may be stated as follows: If a creditor, without the consent of the surety, parts with or renders unavailable any security or fund which he has a right to apply in satisfaction of the debt, the surety is exonerated or discharged to the extent of the value of such security, or to the extent of the impairment in its value. This principle is a corrollary from the equitable doctrine underlying the surety's right of subrogation, and the law of subrogation, therefore, both supplies a means of testing the fact of discharge and defines its extent. The creditor is treated as a trustee of all securities in his possession, for the indemnity of the surety, as well as for his own protection; and he is in equity bound to apply them to the advantage of both. Accordingly, if the creditor who has the means of satisfaction in his own hands chooses not to retain it, and surrenders it to the principal debtor, or allows it to pass out of his own hands, or for a consideration agrees to do so, or negligently impairs its value, or loses control thereof, so that the right of the surety to be subrogated, should he at any time choose to pay off the indebtedness, is lost, the surety is discharged to the extent of his actual damage."

And the law applicable to this class of cases is stated in 32 Cyc. 152, as follows: "Generally a surety is discharged if the creditor deprives him of any right he would have against the

principal, even though he be benefited, whether such injury arises from some positive act, or omitting to do something which it was the duty of the creditor to perform." This view of the law has been followed by this court in the cases of Dillaway v. Peterson, 11 S. D. 210, 76 N. W. 925, and Miller v. Kennedy, 12 S. D. 480, 81 N. W. 906. To the same effect are Calvo v. Davies, 73 N. Y. 211; Machine Works v. Caswell, 48 Kan. 689, 29 Pac. 1072, 16 I,. R. A. 85; Bank v. Waterman's Estate, 134 Ill. 461, 29 N. E. 503; Schroeder v. Kinney, 15 Utah, 462, 49 Pac. 894; King v. Baldwin, 2 Johns. Ch. (N. Y.) 554; Wiltsie, Mortg. Forec. p. 272; Insurance Co. v. Hanford, 143 U. S. 187, 12 Sup. Ct. 437.

This court held in the cases cited that, where a mortgagor conveys the mortgaged property, and the grantee assumes the payment of the mortgage, the grantee becomes the principal debtor, and the mortgagor becomes a surety; and the mortgagee, when advised of the transfer and the assumption of the debt by the grantee, must recognize the relation between the mortgagor and his grantee in his dealings with the property. The mortgagee, therefore, cannot extend the time of payment of the mortgage by a valid agreement, without the consent of the mortgagor, and to his prejudice, without discharging the mortgagor from his liability. It would seem, therefore, necessarily to follow from these decisions that any act of negligence on the part of the mortgagee which rendered the security unavailable to the mortgagor, in case he should be required to pay the amount secured by the mortgage, and by which negligent acts the mortgagor loses the benefit of his security, will release the mortgagor from his liability.

Under the facts in the case at bar, the defendants upon the sale of the mortgaged property and the assumption of the payment of the mortgage by their grantee, of course, would be entitled to be subrogated to the rights of the mortgagee to enforce the payment of the debt against their grantee; but, by reason of the negligence of the plaintiffs, their right to thus reimburse themselves as against the mortgaged property is lost to the defendants, and no remedy is left them as against the mortgaged property.

It will be observed that the defendants executed the note and mortgage and delivered the same to the Pennington County Bank,

the agent of the plaintiffs, who forwarded the same to the agent of the plaintiffs at Muscatine, Iowa, at his request, and upon his agreement to have the mortgage duly recorded; that the plaintiffs neglected and failed to have the said mortgage recorded, and that by reason thereof the property was transferred to an innocent purchaser without notice of the existence of said mortgage, and the security of said mortgage was lost to the defendants, caused entirely by the negligence and failure of the plaintiffs to have the mortgage recorded; and, it will be noticed, when the defendants discovered that the mortgage had not been recorded, after they had executed their warranty deed to Mitchell for the farm, who assumed the payment of the note and mortgage executed by the defendants, as part payment of the purchase money, the appellants again requested the plaintiffs to have the mortgage recorded, so as to protect them against a sale of the property to an innocent third party, without notice, and that the plaintiffs still neglected and failed to have said mortgage recorded, and by reason of such neglect and failure on the part of the plaintiffs the security of the mortgage was entirely lost to the defendants. It would be manifestly inequitable and unjust, therefore, to permit these plaintiffs, after the loss of the security to the defendants by their neglect and failure to record the mortgage, to now recover from the defendants the amount due upon the said note.

[2, 3] It will be noticed that the loss of the security occurred entirely through the negligence and failure of the plaintiffs to have the mortgage recorded. The defendants, it will be observed, did all that was required of them by executing the note and mortgage and delivering them to the Pennington County Bank, and paying the $300 in cash agreed upon as part of the consideration for the property purchased. True, had the mortgage been recorded, the plaintiffs might have instituted their action to recover the amount of the note without being required to foreclose their mortgage; but, on payment of the judgment so rendered against the defendants, these defendants would have been entitled to have been subrogated to the rights of the plaintiffs as mortgagees, and thereby been able to hold the mortgage as security upon the prop-

erty until the $500 assumed by Mitchell should be paid, and to foreclose said mortgage and thereby secure themselves against loss, as the court found the value of the property mortgaged was largely in excess of the amount of the note.

We are of the opinion, therefore, that the appellants are right in. their contention, and that the court erred in its conclusions of law. The judgment of the circuit court and the order denying a new trial are reversed.

. McCOY and WHITING, JJ., dissenting.