Frank **THERNES,** individually and as Trustee for the North Dakota Workmen's Compensation Bureau, Plaintiff and Appellant,

v.

**MEISNER AND COMPANY and Donald Eikoff,** Defendants and Respondents.

Civ. No. 8759.

Supreme Court of North Dakota.

Oct. 26, 1971.

———◆———

Jerome Jaynes, Carson, for appellant.

Zuger, Bucklin, Kelsch & Zuger, Bismarck, for respondents.

ERICKSTAD, Judge.

Before us is a motion by the defendants Meisner and Company and Donald Eikoff for a dismissal of an appeal taken on April 10, 1969, by the plaintiff Frank Thernes, individually and as Trustee for the North Dakota Workmen's Compensation Bureau, from a judgment of dismissal of the plaintiff's complaint, dated October 11, 1968.

The record on appeal certified by the clerk of the district court of Burleigh County includes the certificate of the clerk, the notice of appeal, specifications of error, and the undertaking.

The defendants move for dismissal of the appeal pursuant to Rules 7, 13, 21, and 31 of the Rules of Practice in Causes in the Supreme Court of North Dakota. They also ask that they be awarded motion costs.

On the date set for the hearing, counsel for the plaintiff appeared and stated that the plaintiff did not contest the motion to dismiss but did contest the motion for costs so far as they relate to attorney fees.

Counsel for plaintiff concedes that the defendants are entitled to costs under Section 28–26–02, Subsection 4, and under Section 28–27–06, N.D.C.C., but contends that said costs do not include attorney fees.

He acknowledges Rule 17 of the Rules of Practice in our court, but contends that said rule does not cover attorney fees.

A review of minute orders entered by our court during the last five years discloses that we have not been consistent in either granting or denying attorney fees as part of motion costs in connection with orders granting or denying motions for dismissal of appeal based upon failure to comply with our rules of court and statutes on appeal.

We have acted in some instances under specific statutes and in others under the rules of this court and particularly Rule 31. In other instances we have relied upon the inherent power of this court. We have either granted the motion outright or have

provided that the motion would be granted unless the terms specified by the court were complied with. We have either allowed costs or denied costs depending upon the peculiar circumstances of each case, usually keeping in mind the necessity for travel on the part of the movant's counsel.

In light of this review, we grant the motion for dismissal, but disallow costs, as travel by counsel for the movant was not necessary in this case and it does not appear that the movant has been unduly burdened by the appellant's failure to prosecute his appeal. The usual statutory costs on remittitur are, however, allowed.

STRUTZ, C. J., and PAULSON, TEIGEN and KNUDSON, JJ., concur.