**AMF, INCORPORATED, a corporation, Plaintiff and Appellant,**

v.

**Victor FREDERICKS et al., Defendants and Appellees.**

**Civ. No. 8910.**

Supreme Court of North Dakota.

Dec. 4, 1973.

Freed, Dynes & Malloy, Dickinson, for plaintiff and appellant.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, and Zuger, Bucklin & Zuger, Bismarck, for defendants and appellees.

PAULSON, Judge.

This is an appeal from a summary judgment granted by the district court in favor of the appellees, Victor Fredericks and Leonard Hoff, dismissing the complaint of appellant, AMF, Incorporated [hereinafter AMF]. A third defendant, Victor Goetz, in the trial below, was not dismissed by the summary judgment and is not actively interested in this appeal.

The action below was commenced by AMF against the appellees, Hoff and Fredericks, as guarantors, and against Goetz as the principal obligor. The action was to recover delinquent annual rentals for the years 1965 through 1969 for automatic pinspotting equipment, which was rented to the defendants for a bowling alley in Richardton. AMF leased a total of six pinspotters to Hoff and Fredericks. This was accomplished by means of two leases: the first lease was to Hoff and Fredericks, as partners, for four pinspotters for ten years, commencing on June 1, 1960; the second lease was to Fredericks alone and was for two pinspotters for a

ten-year period, commencing on November 1, 1963. On December 13, 1962, Fredericks and Hoff, as partners, assigned the lease for four machines to Fredericks as an individual; and Fredericks and Hoff became guarantors of the payment of the annual rental for those pinspotters. This lease was assigned again on July 16, 1964, from Fredericks to Goetz with Fredericks as guarantor. The second lease, the one for two machines, was assigned from Fredericks to Goetz on October 31, 1964, with Fredericks as guarantor.

On April 2, 1970, both leases were amended so as to discontinue advisory services provided by AMF, release AMF from liability and claims for defects in the machines, discontinue periodic inspections provided by AMF, and delete a provision for an increase in the lineage charge under certain circumstances. On May 14, 1970, both leases were amended so as to extend each lease for five years from its renewal date (June 1, 1970, and November 1, 1973, respectively), reduce the annual rental from and after those renewal dates, and apply the lineage charge to present as well as past-due annual rentals.

It is the contention of Fredericks and Hoff that they are exonerated as guarantors of the payment of the leases in question because of the amendments made to the leases. The district court concluded that their contention was correct and therefore granted a motion for summary judgment in their favor. AMF appeals from that summary judgment and contends that the amendments to the leases were not injurious to the guarantors and that they should therefore not be exonerated.

■ During oral argument before this court, the attorney for Hoff and the attorney for AMF stipulated that Hoff be dismissed from the appeal. The attorney for Hoff stated that he wanted costs to be granted to Hoff for the dismissal and he cited Rule 38 of the North Dakota Rules of Appellate Procedure in support thereof. Rule 38, N.D.R.App.P., deals with frivo-

lous appeals and the awarding of costs, but we do not believe the Rule is applicable in this case. The appeal of Hoff was not a frivolous one; rather, we believe that the appellant, AMF, after consideration of Hoff's brief, was persuaded that it would be fruitless to pursue the appeal against Hoff. We therefore hold that Hoff is entitled only to the statutory costs provided for by § 28–26–02, N.D.C.C., and by Rule 39(a), N.D.R.App.P. See Thernes v. Meisner & Company, 191 N.W.2d 253 (N.D.1971).

■ With regard to the principal issue involved in the instant case—that of exoneration of guarantors—we begin with the relevant North Dakota statute, § 22–01–15, N.D.C.C., which provides:

*"When guarantor exonerated.*—A guarantor is exonerated, except insofar as he may be indemnified by the principal, if, by any act of the creditor without the consent of the guarantor:

"1. The original obligation of the principal is altered in any respect; or

"2. The remedies or rights of the creditor against the principal in respect thereto are impaired or suspended in any manner."

AMF contends that § 22–01–15 does not exonerate Fredericks as guarantor in this case because the amendments to the leases were not injurious or detrimental to Fredericks. However, the case law of this State does not require that the guarantor be injured by a change in the obligation of the principal in order to exonerate the guarantor—it requires only that the obligation of the principal be changed "in any respect".

In Liberty National Bank and Trust Co. v. Dvorak, 199 N.W.2d 414 (N.D.1972), we said that the issue of whether or not the guarantor was injured or damaged by a change in the obligation of the principal did not merit discussion. As authority for that rule we quoted from Atlas Assurance

Co., Limited, of London, England v. Lawrence, 34 F.2d 401, 405 (8th Cir. 1929), wherein it was said:

"Under this statute [§ 6668, C.L. 1913 (codified without substantive change as § 22–01–15, N.D.C.C.)] the matter of prejudice by, or materiality of, the change is not open to inquiry, because the statute provides that if the obligation is altered 'in any respect' the guarantor, and likewise the surety, is exonerated.

"It is therefore not necessary to inquire into nor to determine to what extent, if at all, the surety or guarantor in this case was injured or prejudiced by the alteration made in the principal contract. . . .

"The North Dakota statute preserves the rule as laid down by the United States Supreme Court in Miller v. Stewart, 9 Wheat. 680, 6 L.Ed. 189, in an opinion by Justice Story wherein it is said: 'It is not sufficient, that he may sustain no injury by change in the contract, or that it may even be for his benefit. He has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and variation is made, it is fatal.' "

For similar holdings construing substantially identical statutes, see First Congregational Church of Christ in Corona v. Lowrey, 175 Cal. 124, 165 P. 440 (1917); Hampe v. Manke, 28 S.D. 501, 134 N.W. 60 (1912); United States Building & Loan Ass'n v. Burns, 90 Mont. 402, 4 P.2d 703 (1931).

■ Earlier in this opinion we set forth the amendments to the two leases involved in this case. We believe that these amendments altered the obligation of the principal, Goetz, sufficiently to exonerate Fredericks under § 22–01–15, N.D.C.C., which statute requires only that the obligation of the principal be altered "in any respect" to exonerate the guarantor. There was such an alteration in the instant case.

■ Rule 56(c), N.D.R.Civ.P., provides in part:

"... [Summary] Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. ..."

In the instant case, the trial court found (and the appellant, AMF, concedes on this appeal) that there is no genuine issue as to any material fact. Since we have held that Fredericks is entitled to judgment under § 22-01-15, N.D.C.C., the summary judgment was properly granted.

The summary judgment is affirmed.

ERICKSTAD, C. J., and VOGEL, TEIGEN and KNUDSON, JJ., concur.