ISIDOR KLEIN, Appellant, v. LENA KRAMER, Respondent.— Appeal from order denying motion of a holder of a second mortgage for judgment for the amount due on the bond secured by the mortgage. About ten months after the commencement of the action a judgment of foreclosure and sale of the first mortgage was entered. This motion was made about two months after the entry of judgment as to the first mortgage. As the lien of the second mortgage was destroyed by the judgment of foreclosure and sale of the first mortgage, there was no longer security for the bond which had been secured by the second mortgage (*Weisel* v. *Hagdahl Realty Co., Inc.*, 241 App. Div. 314), and generally under such circumstances plaintiff would be entitled to judgment for the amount of bond unpaid. But since plaintiff had ample opportunity to proceed with his action before the first mortgage action was commenced and thus give respondent the benefit of section 1083-a of the Civil Practice Act, his inexcusable delay in so proceeding should not deny to respondent the benefits of that section. The order denying the motion for judgment is reversed on the law and the facts, with ten dollars costs and disbursements, and motion for judgment is granted in an amount to be determined on plaintiff's motion, pursuant to the provisions of section 1083-a of the Civil Practice Act, as of a reasonable time after the commencement of the action for the foreclosure of the second mortgage, which may be deemed to be July 1, 1934. Lazansky, P. J., Carswell, Tompkins and Johnston, JJ., concur; Davis, J., concurs for reversal and votes for the direction of judgment for the plaintiff, with a memorandum as follows: The plaintiff was

not required to incur the expense of taking judgment and having a foreclosure sale on his small second mortgage when there was impending foreclosure and sale under a first mortgage of upwards of $13,000. That he was justified in taking this prudent course is indicated when the property was sold under the first mortgage for $3,000, thereby leaving a large deficiency on the first mortgage and entirely wiping out the security of plaintiff's mortgage, and leaving the debt unpaid and unsecured. (*Weisel* v. *Hagdahl Realty Co., Inc.*, 241 App. Div. 314.) Obviously, it will be an idle and useless proceeding to require plaintiff to proceed under section 1083-a of the Civil Practice Act, for the purpose of showing the value of this property at the time he might have entered judgment a few months earlier, in view of the then existing first mortgage of $13,500, and particularly in view of the fact that the property has since been sold for $3,000.