LENA KNAUS, Plaintiff, v. EDWARD J. BRADY, Defendant.

City Court of New York, Special Term, Bronx County, April 27, 1936.

*Oliver E. Davis*, for the plaintiff.

*Joseph L. Zoetzl*, for the defendant.

SCHACKNO, J.   The plaintiff moves under rule 113 of the Rules of Civil Practice for summary judgment.

On September 28, 1926, the defendant and one Michael J. Brady executed and delivered a bond to the plaintiff, secured by a second mortgage on the property No. 4367 Matilda avenue in the county of Bronx, city and State of New York.   The first mortgage was foreclosed and the mortgaged property sold to the first mortgagee about March 20, 1936, title passing on April 1, 1936.   Plaintiff was a party defendant in said action.   The bond and the second mortgage securing the same was originally for the sum of $6,000, with interest, payable semi-annually, on the first days of April and October in each year; on October 15, 1931, there remained unpaid therein the sum of $1,000.   This action is brought to recover such balance unpaid on said bond.   All of the material facts are substantially admitted in the answer and the affidavits submitted in opposition to this motion.

For a separate defense the defendant pleads the emergency legislation, particularly section 1083-b of the Civil Practice Act; that on April 15, 1935, he defaulted in the payment of interest due to the plaintiff from October 14, 1934; that for more than seven months thereafter plaintiff failed to assert her rights arising upon such default, and that had she done so, he would have received the benefit of that section, and that such delay on her part in so proceeding, should not deprive him of the benefits thereof as the fair and reasonable value of the mortgaged premises was in excess of the balance due on the second mortgage and prior liens and incumbrances, including the first mortgage, and finally, that she failed to protect her interest in the action to foreclose the first mortgage.

The object of the emergency legislation as to deficiency judgments was to prevent the holder of a mortgage from collecting his debt twice; it certainly was not intended to *entirely* relieve the mortgagor from an obligation voluntarily assumed by him.   Any such legislation would have been unconstitutional.   " The constitutional limitations upon the reserved power of the State preclude legislation which would entirely relieve a debtor from the hardship of compliance with an obligation voluntarily assumed." (*Matter of People* [*Tit. & Mtge. Guar. Co.*], 264 N. Y. 69, 86.)   As to the delay of the plaintiff for a period of seven months in asserting her rights upon the default in the payment of interest due to her, which it is claimed deprived defendant of the benefits of the emergency legislation, the court has no difficulty in distinguishing from the instant case *Klein* v. *Kramer* (246 App. Div. 760), cited by the defendant. There the second mortgagee had made his election by commencing an action to foreclose the mortgage, and waited for a period of ten

months in prosecuting such action; the court pointed this out when it said (at p. 760): "But since plaintiff had ample opportunity to *proceed* with his action before the first mortgage action was commenced and thus give respondent the benefit of section 1083-a, Civil Practice Act, his inexcusable delay in so proceeding should not deny the respondent the benefit of that section." (Italics mine.) In the case at bar no action was instituted and no election was made. Defendant now seeks to treat plaintiff's forbearance as a sword against her, while he enjoyed the benefits that flowed therefrom. Defendant's contention that plaintiff should have protected her interests in the action to foreclose the first mortgage is without merit. This would have placed on her alone the burden of protecting his bond upon the first mortgage foreclosure sale and compel her to assume all the risk and to advance the necessary cash or otherwise finance the first mortgage, accrued interest, taxes and costs. This would have been unreasonable. (*Neild* v. *Woodruff*, 152 Misc. 390.)

It is not disputed that the second mortgage was barred by the judgment of foreclosure and sale of the first mortgage and that thereafter there was no security for the bond which had been secured by such said second mortgage; neither is it disputed that the mortgagor's title has been destroyed by such judgment. Under such circumstances, plaintiff is entitled to judgment for the amount unpaid on the bond. (*Weisel* v. *Hagdahl Realty Co., Inc.*, 241 App. Div. 314; *Russell* v. *Wolf*, Id. 876; *Brenek* v. *Bednar*, 243 id. 622; *Neild* v. *Woodruff, supra; Klein* v. *Kramer, supra.*)

I hold that upon the facts the mortgage moratorium laws do not apply, and that the motion to strike out the answer and for judgment in favor of the plaintiff must be granted. Settle order on notice.