In the Matter of the Estate of KATHERINE BOWES, Deceased.

Surrogate's Court, Erie County, September 3, 1937.

*Joseph T. Wilson,* for the petitioner Eugene C. Helwig, claimant.

*Fred D. Russell,* for Clara Desmond, as executrix, etc., respondent.

HART, S. In March, 1936, the petitioner filed proof of claim, pursuant to section 207 of the Surrogate's Court Act, based upon a mortgage bond given by the decedent, secured by a mortgage for $3,400, upon real estate in Buffalo. The proof shows that at the time of making claim there was unpaid and owing upon the bond $2,320, with interest from February 18, 1935, and alleges that the mortgage security is worthless. The claim was rejected by the executrix, and the claimant brought no action.

In August, 1936, claimant filed a petition alleging non-payment of his claim and the expiration of more than seven months from the date of issuance of letters testamentary, upon which petition citation issued to the executrix to show cause why she should not account and pay the claim.

Upon the return of the citation a stipulation was made between claimant's attorney and the attorney for the executrix, bearing date September 29, 1936. The stipulation establishes as facts in the case that the mortgage which secured decedent's bond was second and inferior to the lien of a mortgage owned by one Valeska B. White, who, prior to the date of the stipulation, brought an action to foreclose her mortgage, prosecuted the same to judgment and sale, leaving a deficiency of the first mortgage debt and no moneys applicable to payment of the second; and that the claimant Helwig was joined as a defendant in the foreclosure and failed to answer

therein. It is also established by the stipulation that claimant's mortgage was in default for a considerable time prior to the foreclosure proceedings instituted upon the first mortgage, from which the inference follows that claimant, had he wished, might have availed himself of such protection as was to be had by foreclosure of his mortgage, instead of making claim against the estate, or contemporaneously with such procedure.

Upon this stipulation counsel submitted questions to the court as to: (1) Whether claimant is a creditor of the estate or a person so interested as to be entitled to demand an accounting; and (2) whether the court has jurisdiction, upon the stipulated facts and the proceedings had and taken, to pass upon the claim.

Subsequently the surrogate made a decision holding that the claimant, Helwig, was a creditor and entitled to an accounting, and further, that this court has jurisdiction to determine the claim.

The question now presented is whether sections 1083-a and 1083-b of the Civil Practice Act apply only to deficiencies sought in foreclosure suits or actions upon mortgage bonds, or whether the application by express wording of the statute or necessary implication extends to a claim upon a mortgage bond made against the estate of a decedent, not by foreclosure proceeding or in an action at law upon the bond, but in a proceeding in the Surrogate's Court pursuant to section 207 of the Surrogate's Court Act.

A mortgagee prior to the enactment of these statutes always had the right to waive the security of the mortgage and sue upon the bond. I fail to see where sections 1083-a and 1083-b of the Civil Practice Act has taken from him the right of such an election. Plainly the wording of the statute does not, nor is it taken away by implication.

The purpose of the enactment of these sections, and also the question as to how far the Legislature may go without infringing upon the constitutional rights of mortgagees, has been discussed in a number of cases hereinafter mentioned, so that there is no necessity for dwelling upon these points.

Counsel for the respondent has cited the case of *Klein* v. *Kramer* (246 App. Div. 760). However, I wish to call the attention of the respective parties to the decision of the Appellate Division, Second Department, on the occasion of the reargument of this particular case (248 App. Div. 617). (See, also, *Knaus* v. *Brady*, 159 Misc. 296; *Weisel* v. *Hagdahl Realty Co., Inc.*, 241 App. Div. 314; *Realty Associates Securities Corporation* v. *Hoblin*, 247 id. 904.)

I, therefore, hold that these emergency statutes do not apply to this claim.

Let a decree be entered accordingly.