RALPH EARL PRIME, JR., and WILLIAM C. PRIME, as Executors of and Trustees under the Last Will and Testament of RALPH E. PRIME, Deceased, Appellants, *v.* ISABEL NICHOLS, Individually and as Executrix of and as Devisee and Legatee under the Last Will and Testament of LEO PLACID BURROWS, Deceased; and ISABEL NICHOLS, as Executrix of LEO PLACID BURROWS, Deceased, Executor, etc., of WILLIAM F. BURROWS, Deceased, Respondents.

Second Department, November 12, 1937.

*Ralph Earl Prime, Jr.,* for the appellants.

*Paul L. Bleakley* [*Joseph J. Harding* with him on the brief], for the respondents.

Per Curiam. The plaintiffs, owners by mesne assignments of a mortgage given in 1894, which mortgage had been extended from time to time by agreements making a subsequent owner of the mortgaged property (now deceased) primarily liable on the mortgage debt now past due, are unable to foreclose because of the so-called Moratorium Laws. It is alleged that the property has so diminished in value that when foreclosure occurs it is unlikely that it will sell for the amount of the debt. In the meantime the subsequent owner of the premises, William F. Burrows, who became liable for the mortgage debt, has died. His estate came into the hands of Leo P. Burrows, as executor and as sole legatee and devisee. The latter is now deceased and his estate is in the course of administration and distribution by the defendant Isabel Nichols, the executrix of his will. The distribution will be made to parties entitled thereto who reside outside the jurisdiction of this State.

The plaintiffs in this suit ask that such distribution of assets be, at least in part, enjoined so that their right to collect the sum due them will not be defeated; and they also moved for a temporary injunction. The defendants made a cross-motion to dismiss the complaint. Plaintiffs' motion was denied and that of defendants granted on the ground that the Surrogate's Court had jurisdiction and ample power to protect the rights of plaintiffs if application had been made to that court for a remedy.

The purpose of the plaintiffs is not clear. If they seek payment on the bond alone, they may, by waiving the lien of their mortgage, file a claim in the Surrogate's Court and obtain eventual payment on the distribution of the estate (Surr. Ct. Act, § 212) — this, on the theory that the debt is due, but is not presently enforcible by action; and the right to payment is suspended during the emergency period. (Civ. Prac. Act, § 1077-b. See, also, *Matter of Bowes*, 164 Misc. 190.) If they wish to retain the lien on the mortgaged property, then they may file a claim for a contingent or unliquidated obligation; and if the plaintiffs satisfy the surrogate that their claims are just, a sum will be retained in the hands of the accounting party to pay such claim when the amount of the contingent obligation is determined. (Surr. Ct. Act, § 207; *Matter of Horner*, 149 Misc. 695; *Matter of Concklin*, 150 id. 53; *Matter of Quintana*, 158 id. 701. See, also, Real Prop. Law, § 250; Surr. Ct. Act, § 40; 1 Carmody, N. Y. Prac. § 135.) Obviously the plaintiffs are entitled to some relief under the circumstances shown. If they fail to obtain such relief in the Surrogate's Court, jurisdiction remains in the Supreme Court in the exercise of its equity powers to furnish relief. (*Bankers Surety Co.* v. *Meyer*, 205 N. Y. 219,

224; *Lawrence* v. *Littlefield*, 215 id. 561, 583, 584; *Rice* v. *Van Vranken*, 132 Misc. 82, 86, 87; affd., 225 App. Div. 179; 255 N. Y. 541.) To a certain extent the jurisdiction to be exercised in Surrogate's Court is discretionary. Therefore, the order and judgment dismissing the complaint should be modified by this court to provide that the dismissal is without prejudice to bring such new action for relief as plaintiffs may be advised, in case proceedings are not entertained and a determination reached on the merits in the Surrogate's Court.

The order and the judgment should be modified so as to provide that the dismissal of the complaint be without prejudice, and as so modified affirmed, without costs.

Present — CARSWELL, DAVIS, JOHNSTON, ADEL and CLOSE, JJ.

Order and judgment modified so as to provide that the dismissal of the complaint be without prejudice, and as so modified unanimously affirmed, without costs.