In the Matter of the Petition of RALPH EARL PRIME, JR., and WILLIAM C. PRIME, as Trustees under the Last Will and Testament of RALPH E. PRIME, Deceased, to Compel ISABEL NICHOLS, as Executrix under the Last Will and Testament of LEO PLACID BURROWS, Deceased, to Render and Settle Her Accounts as Such Executrix of the Estate of Said Testator, and also the Accounts of the Said LEO PLACID BURROWS as Sole Executor under the Unaccounted for Estate of WILLIAM F. BURROWS, Deceased.

Surrogate's Court, Westchester County, February 21, 1938.

*Prime Bros. & Duffy,* for the petitioners.

*Bleakley & Harding,* for Isabel Nichols, as executrix, etc., of Leo P. Burrows, deceased, respondent.

MILLARD, S.   The petitioners, owners by assignment of a bond and mortgage in the amount of $2,000 covering real property in the city of Yonkers, seek to compel the respondent, Isabel Nichols, as executrix, to account and to pay the amount of such bond, with interest, on the theory that it is a debt within the meaning and application of sections 212, 217 and 259 of the Surrogate's Court Act.

Under the will of William F. Burrows, his brother, Leo P. Burrows, was the executor and sole legatee and devisee.   Prior to the final settlement of his estate, however, Leo P. Burrows died, and the respondent, Isabel Nichols, duly qualified and is now acting as executrix under his will, heretofore probated in this court, and upon her devolves the duty of administering both estates.

The mortgage in question was given in 1894.   It has been extended from time to time.   The decedent, William F. Burrows, was the owner of the mortgaged premises at the time of his death, and by reason of the terms of an extension agreement he was primarily liable for the mortgage debt.   Counsel for the respondent concedes that there are ample funds available to pay all provable claims.

Heretofore, the petitioners sought injunctive relief in the New York Supreme Court, Westchester county, without success.   (*Prime v. Nichols,* 252 App. Div. 446.)   On the suggestion contained in the opinion of the Appellate Division, they instituted this proceeding.

It is alleged that by reason of obsolescence and otherwise, the mortgaged premises have so diminished in value that the security of the petitioners has been impaired.   The mortgage is past due.

Obviously, the petitioners are using the present proceeding as a means of evading the so-called emergency legislation. (Civ. Prac. Act, §§ 1083-a, 1083-b.) During the lifetime of the decedent, William F. Burrows, the petitioners would have been bound by the provisions of the act and could not have obtained a personal judgment against said decedent without resorting to foreclosure proceedings and obtaining a deficiency judgment. The constitutionality of this legislation has been sustained by the Court of Appeals. (*Honeyman* v. *Hanan*, 271 N. Y. 564; Id. 662.)

The question now before this court is whether the petitioners may waive the security of their mortgage and enforce payment of the bond out of the personal property of the estate on the theory that it is a debt, without first resorting to foreclosure proceedings and obtaining a deficiency judgment.

By legislative enactment and judicial authority it has become a well-settled policy in this State to consider a decedent's real property as the primary source of payment of incumbrances thereon in the absence of clear testamentary intent to the contrary. (Real Prop. Law, § 250; *Hauselt* v. *Patterson*, 124 N. Y. 349, 359; *Matter of Horner*, 149 Misc. 695; *Matter of Weissman*, 140 id. 360; *Matter of Rosenbaum*, 157 id. 316.)

In *Matter of Weissman* (*supra*) Surrogate WINGATE has made the following comment with respect to the interpretation of section 250 of the Real Property Law: " It would seem to follow, therefore, that, when it is found that a decedent has executed a bond and mortgage on real property, his estate is substantially in the position of surety or guarantor respecting the mortgage obligations, and the mortgagee has a provable claim against the estate itself only if and to the extent that the security proves inadequate. In other words, the mortgagee's claim against the estate prior to actual foreclosure of the mortgage is merely contingent and unliquidated."

In *Matter of Perkins* (122 Misc. 593, 597) Surrogate BIRD made the following pertinent remarks: " Until such deficiency judgment is established, it is at most a contingent liability, and resort must be first had to the lands covered by the mortgage. The claim for the unpaid amount of the bond and mortgage is not a claim which the administrator may allow and pay, and be credited for on the judicial settlement of his accounts. (*Johnson* v. *Corbett*, 11 Paige, 265, 269.) It is, however, a contingent claim, and Redfield states without citing any authority for the statement, that it is a claim which the representative should provide for, and hence is one that may be presented under the notice to present claims. (Redf. Surr. [6th ed.] § 638.) "

In *Matter of Bowes* (164 Misc. 190) Surrogate HART had occasion to pass upon this question, and held that the rights of a mortgagee to waive his security and sue upon the bond had not been taken away from him by the aforementioned emergency legislation (Civ. Prac. Act, §§ 1083-a, 1083-b), and held that said sections were no bar to an application made under section 207 of the Surrogate's Court Act for the payment of a mortgage bond. This case is distinguishable, however, from the instant case. The parties to the proceeding had stipulated that the claimant held a second mortgage, that the first mortgage had been foreclosed, and that not only were there no surplus moneys available for payment of the said second mortgage, but, on the contrary, there was a deficiency upon the first mortgage debt. Under such circumstances it is well settled that the holder of the second bond and mortgage may sue on the bond in a court of competent jurisdiction and recover a money judgment for the full amount thereof. (*Weisel* v. *Hagdahl Realty Co., Inc.*, 241 App. Div. 314.)

To hold, under the circumstances in this case, that the petitioners may waive their security and enforce their claim upon the bond without first resorting to foreclosure, would circumvent and defeat the clear intent of the Legislature and, in my opinion, should not be permitted. Petitioners, however, are entitled to protection for any deficiency judgment they may obtain. This can be accomplished by invoking the provisions of section 207 of the Surrogate's Court Act. To that end I direct that proof be taken with respect to the value of the mortgaged premises and the amount now due the petitioners.

The application for an accounting in these estates is granted and the respondent is directed to prepare and file her accounts within twenty days after the service upon her attorneys of an order to that effect. Upon the accounting, appropriate provision will be made in the decree for the reservation by the executrix of such an amount, if any, as is necessary to protect the rights of the petitioners under any deficiency judgment they may obtain.

Enter order on notice accordingly.