In the Matter of the Estate of LEO PLACID BURROWS, Deceased.

Surrogate's Court, Westchester County, February 10, 1939.

*Bleakley & Harding*, for Isabel Nichols, as executrix, etc., petitioner.

*Prime Bros. & Duffy,* for Ralph E. Prime, Jr., and William C. Prime, as trustees, etc., of Ralph E. Prime, deceased.

*William J. Schmitt,* for The Society for the Propagation of the Faith.

*Raymond A. McCourt,* for the Catholic Foreign Mission Society of America, Inc.

MILLARD, S. Objections have been filed to the account of this executrix by Ralph E. Prime, Jr., and William C. Prime, as trustees under the will of Ralph E. Prime, deceased, the owners by mesne assignment of a bond and mortgage in the sum of $2,000 given in 1894. The objectants seek to waive the collateral security of their mortgage and demand payment of the bond under section 212 of the Surrogate's Court Act or, in the alternative, that a fund be reserved under section 207 of the same act.

The bond and mortgage in question were executed on December 22, 1894, and were assigned to the claimants by an instrument dated October 27, 1932. William F. Burrows, now deceased, acquired title to the mortgaged premises on February 28, 1925, the conveyance being made subject to the mortgage incumbrance of $2,000. On February 28, 1925, and November 12, 1929, said William F. Burrows entered into extension agreements with the then holder of the mortgage by the terms of which the due date of the bond and mortgage was extended to July 1, 1930, and July 1, 1935, respectively. It is conceded that claimants' lien is a good and valid first mortgage without any defense or offsets thereto and there is still unpaid thereon the sum of $2,000, with interest at the rate of six per cent per annum from January 1, 1937. Prior to the maturity of the mortgage debt, as extended, and on November 8, 1932, William Burrows died leaving a will which was thereafter duly admitted to probate in this court and letters testamentary issued to testator's brother, Leo Placid Burrows, named as the sole executor and beneficiary. The assets in the estate were sufficient to pay the mortgage debt. On August 6, 1934, Leo Placid Burrows died without having accounted as executor in William's estate, he, as sole beneficiary, having appropriated to himself the entire assets. Leo Placid Burrows left a will which was admitted to probate in this court on October 31, 1934, and letters testamentary were issued to Isabel Nichols, the executrix therein named.. The estate of Leo P. Burrows coming into her hands was and is sufficient to pay the mortgage debt.

On April 21, 1937, Isabel Nichols, individually and as executrix, conveyed the mortgaged premises to the present owner, S. Penksa & Company, subject to the mortgage in question. The claimants

have refused to accept any interest that has accrued on the bond and mortgage since January 1, 1937, and apparently no demand for either interest or principal has been made upon the present owner of the premises.

Prior to the institution of the instant proceedings, the petitioners sought injunctive relief in the Supreme Court of this county without success and the determination of the lower court was affirmed on appeal. (*Prime* v. *Nichols*, 252 App. Div. 446.) Thereafter a notice of claim on the bond, demanding immediate payment thereof with interest, was served on the executrix and was formally rejected.

An application was thereafter made in this court for an accounting and payment of the alleged claim. In a decision, rendered on February 21, 1938, I held that the claimants would not be permitted to waive their mortgage security and enforce their claim on the bond without first resorting to foreclosure. (*Matter of Burrows*, 167 Misc. 1.) No appeal has been taken from the decree entered thereon. Pursuant to the directions contained in said decision, the accountant has now offered proof as to the value of the mortgaged premises.

Although the bond and mortgage as extended became due on July 1, 1935, the provisions of section 1077-b of the Civil Practice Act, as amended, in effect postpones the enforcement of such an obligation falling due between July 1, 1934, and July 1, 1937, inclusive, until " one year after the expiration of such emergency period as now or hereafter defined or extended." By reason of the forgoing statutory provision, present payment of this claim cannot be directed under section 212 of the Surrogate's Court Act. Claimants seek alternative relief, however, under section 207 of the same act contending that the full amount of their claim with interest be reserved. I am not in accord with this interpretation. In my opinion only such sum should be reserved as will protect the claimants against a possible deficiency judgment. In *Matter of Littleton* (129 Misc. 845), in which a similar question was involved, the learned surrogate stated: " It would have been patently contrary to the rules of law thus obtaining to have allowed a mortgagee to prove his debt against the estate of the mortgagor excepting in so far as the mortgaged premises were insufficient to pay the debt. If section 207 of the Surrogate's Court Act is to be considered to mean that the holder of a mortgage executed by the decedent and not yet due can require the executor to hold the amount of the mortgage pending the ascertainment of a possible deficiency in the indefinite future, then not only would the statute be doing violence to the previous law on the subject but it would be the cause of great injustice. Indeed, any such construction would be so unjust and

even absurd that we cannot imagine that the Legislature could have so intended."

On the uncontroverted evidence offered by the accountant, I am of the opinion that the value of the premises in question is sufficient to afford ample margin of safety as against any possible liability on the part of the estate. (*New York Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292; *Matter of Concklin*, 150 Misc. 53; *Matter of Quintana*, 158 id. 701; Civ. Prac. Act, § 1083-a.)

In view of the foregoing finding as to the adequacy of the security, the application for a reservation under section 207 of the Surrogate's Court Act is denied and the objections are dismissed.

The order of this court dated June 28, 1938, directing the executrix to retain out of the assets of this estate the sum of $3,500, and restraining her from transferring, or disposing, of the same is vacated.

Settle decree accordingly.