In the Matter of the Judicial Settlement of the Final Account of Proceedings of ISABEL NICHOLS, as Executrix, etc., of LEO PLACID BURROWS, Late of the City of Yonkers, Deceased. RALPH EARL PRIME, JR., and WILLIAM C. PRIME, as Trustees under the Last Will and Testament of RALPH E. PRIME, Deceased, Appellants; ISABEL NICHOLS, as Executrix, etc., of LEO PLACID BURROWS, Decased, Respondent.— Decree of the Surrogate's Court of Westchester county dated April 25, 1939, dismissing objections to the accounts of respondent as executrix under the last will and testament of Leo Placid Burrows, deceased, and also the accounts of Leo Placid Burrows as executor under the last will and testament of William F. Burrows, deceased, in so far as appealed from, unanimously affirmed, with costs, payable by appellants. The appeal from decree of the Surrogate's Court of Westchester county dated March 2, 1938, having been dismissed on motion herein (*ante*, p. 805), decided herewith, that part of the appeal was not considered. Appeal from order of the Surrogate's Court of Westchester county denying motion for resettlement of decree dated April 25, 1939, dismissed, without costs. Appellants, as holders of a bond and mortgage, payment of which was assumed by a decedent, may have recourse against the latter's estate only to the extent provided by section 207 of the Surrogate's Court Act, namely, to reserve from general assets a sum sufficient to meet a deficiency upon foreclosure and upon a showing that such a deficiency is likely to eventuate. (*Matter of Quintana*, 158 Misc. 701.) The liability of the estate is secondary, and it is not liable for payment of the bond as a primary obligation. (*Olmstead* v. *Latimer*, 9 App. Div. 163; *Matter of Weissman*, 140 Misc. 360; *Matter of Dell*, 154 id. 216; and see *New Rochelle Trust Co.* v. *Hinton*, 256 App. Div. 724.) The constitutionality of any statute or

statutes limiting the amount of a deficiency judgment, in the light of the fact that the appellants are precluded from proceeding on the bond against the estate, may be determined only when and if the mortgage is foreclosed. Expressions to the contrary in *Prime* v. *Nichols* (252 App. Div. 446) are dicta. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.