FRANCES L. DOYLE, Plaintiff, v. EMMA L. GRAVES, Individually, and EMMA L. GRAVES and Others, as Executors, etc., of HARVEY B. GRAVES, Deceased, Defendants.

Supreme Court, Monroe County, December 22, 1939.

*Sutherland & Sutherland* [*Sol M. Linowitz* of counsel], for the plaintiff.

*T. P. McCarrick*, for the defendant Emma L. Graves, individually.

*Byron M. Johnson*, for the defendants Emma L. Graves and others, as executors, etc., of Harvey B. Graves, deceased.

VAN VOORHIS, J.  At the time of the death of Harvey B. Graves he owned a house, known as 1375 Highland avenue, in the city of

Rochester, N. Y., subject to a mortgage securing his past due bond to the plaintiff. He devised this real estate to the defendant Emma L. Graves individually. For some time she paid the interest and taxes, but the rental from the property proved to be less than the maintenance costs, and eventually she offered a deed to the plaintiff, who refused to accept it. An installment of interest upon the bond accruing after Mr. Graves' death is now due and unpaid, and the plaintiff desires to collect it under the principle of *Johnson* v. *Meyer* (268 N. Y. 701).

Plaintiff asks to be apprised by a declaratory judgment in this action that her claim to the interest can be enforced as a personal liability without prejudice to her right to recover the principal or to the lien of her mortgage. (Cf. *Union Trust Company of Rochester* v. *Kaplan*, 249 App. Div. 280.) Her position is that, under the decisions above cited, she could have enforced payment of currently accruing interest against Mr. Graves personally without foreclosing the mortgage, if he had lived, and that she should be allowed to do the same thing against his executors now that he is dead. (Dec. Est. Law, § 116.) Plaintiff also claims that the defendant Emma L. Graves became personally liable to pay the bond and mortgage as a result of the devise to her under the will. (Real Prop. Law, § 250.)

No dispute exists concerning the facts, which are established by the complaint and by documentary evidence referred to in the moving affidavits. All of the parties ask for summary judgment under rule 113 of the Rules of Civil Practice. No reason is apparent on account of which a declaratory judgment should not be rendered upon these motions. (*German Masonic Temple Assn.* v. *City of New York*, 279 N. Y. 452.) It appears from the facts established that there is no liability on the part of the defendant executors to the plaintiff upon the bond except for a deficiency after foreclosure; and that there is no personal liability on the part of the defendant Emma L. Graves to pay the bond. The plaintiff's motion for judgment is, therefore, denied, and the motions by the defendants are granted. This decision does not pass upon what rights the plaintiff may have under section 250 of the Real Property Law to a judgment *in rem* against other real property inherited by the defendant Emma L. Graves from Harvey B. Graves, deceased. That has been excluded by stipulation from the controversy as submitted to the court.

The reasons for these conclusions are as follows:

(1) *As to the defendant executors.* Prior to the adoption of the emergency mortgage legislation in 1933 (Laws of 1933, chaps. 793, 794), unless otherwise provided by will, it was the settled

law that no personal liability could be enforced against the executor or administrator of a decedent upon a bond secured by mortgage upon real estate except after obtaining a deficiency judgment in an action to foreclose the mortgage. (Real Prop. Law, § 250, which is substantially identical with the Revised Statutes [1 R. S. 749, § 4]; *Halsey* v. *Reed*, 9 Paige, 446; *Johnson* v. *Corbett*, 11 id. 265; *Cochrane* v. *Hawver*, 54 Hun, 556, 557; *Erwin* v. *Loper*, 43 N. Y. 521; *Rice* v. *Harbeson*, 63 id. 493; *Hauselt* v. *Patterson*, 124 id. 349; *Olmstead* v. *Latimer*, 9 App. Div. 163; modfd. on other grounds, 158 N. Y. 313; *Matter of Soper*, 224 App. Div. 431; *Matter of Littleton*, 129 Misc. 845; *Matter of Weissman*, 140 id. 360; *Matter of Gellis*, 141 id. 432, 436; *Matter of Horner*, 149 id. 695.) That rule is of long standing and is held to carry out the intentions of decedents in a majority of cases. The emergency mortgage legislation of 1933, contrary to the plaintiff's contention, did not alter that rule of construction affecting decedents' estates. The legislation restricted remedies for the enforcement of personal liability during the period of the emergency, by imposing a moratorium upon actions to collect the principal of mortgage bonds, and by substituting the true value of mortgaged real estate in place of the amount bid at public sale as the basis for arriving at deficiency judgments. (*Heiman* v. *Bishop*, 272 N. Y. 83; *Hoard* v. *Luther*, 251 App. Div. 692, 695.) The mortgagee must be content to have that much deducted before claiming against the decedent's personal estate. It has been so held in carefully reasoned decisions since the emergency mortgage legislation was adopted. (*Matter of Burrows*, 167 Misc. 1; *Matter of Rosenbaum*, 157 id. 316; *Matter of Hackert*, 171 id. 139.) *Johnson* v. *Meyer* (*supra*) and *Union Trust Company of Rochester* v. *Kaplan* (*supra*) defined and limited the effect of the legislation so as to exclude from its operation claims for interest, but neither these authorities, nor the acts themselves, created a cause of action for interest, which, like the cause of action for principal, has its origin in the obligation of the bond. If it be said that *Union Trust Company of Rochester* v. *Kaplan* (*supra*) holds that the legislation had an affirmative effect in severing causes of action for interest from those for principal where the latter is past due, that merely accomplished the same result which had existed before in cases where the principal had not matured. (*Lorillard* v. *Clyde*, 122 N. Y. 41, 45.) The Legislature considered that, due to prevailing market conditions for real estate, it is unfair to measure the amount of deficiency judgments by what the mortgaged premises will bring upon the court house steps. That has no relation to the rule that a decedent is presumed to have chosen that his mortgages shall be defrayed out of the

land which comes to those who inherit the incumbered real estate, before the recipients of his personal property are called upon to contribute. The real estate inherited is still regarded as a primary fund for the payment of the mortgage debt, and the only way to determine what charge may remain against the personalty is by a deficiency judgment in foreclosure. Instead of changing this principle, the emergency legislation provided what was deemed to be a more just method of ascertaining the deficiency in the foreclosure action. Nothing contained in section 116 of the Decedent Estate Law militates against this conclusion. Both that section and section 250 of the Real Property Law are taken from the Revised Statutes of 1829 (1 R. S. 749, § 4; 2 id. 113, § 2), and the rule of priority was established while both sections were in force. An effect of the emergency legislation is that before its enactment personal liability could be enforced for principal and interest, but afterward for interest alone. But in the case of neither principal nor interest could claim be made before 1933, nor can it now, against a decedent's personal representatives except for the deficiency after the real estate has been exhausted. If the true value of decedent's interest in the real estate is less than the amount unpaid upon the plaintiff's mortgage thereon, the right is given to plaintiff, before foreclosure, to apply to the Surrogate's Court for an order directing the executors to set aside sufficient personal assets, provided that other creditors' rights are not interfered with, to cover the expected deficiency as a contingent claim. (Surr. Ct. Act, § 207; *Matter of Burrows*, 167 Misc. 1, 4; *Matter of Dell*, 154 id. 216; *Matter of Horner*, 149 id. 695; *Matter of Perkins*, 122 id. 593.) But that is a separate question.

(2) *As to the defendant Emma L. Graves as devisee.* Section 250 of the Real Property Law does not impose personal liability upon the beneficiary except to the extent of real estate inherited. (*Hauselt* v. *Patterson*, 124 N. Y. 349; *Murdock* v. *Waterman*, 145 id. 55, 65; *Olmstead* v. *Latimer*, 9 App. Div. 163; modfd., 158 N. Y. 313.) Such right, if any, as the plaintiff may have to a judgment *in rem* against any other real estate inherited by Emma L. Graves from Harvey B. Graves, deceased, is not here involved.

Since writing this opinion the case of *Levy* v. *Comfort* (257 App. Div. 1037) has come to my attention, decided by the Appellate Division in this department on June 28, 1939. That decision appears to be controlling upon the questions involved herein.

Judgment may be entered in accordance with the above.